————o————

MECHANICS' BANK, Respondent, vs. T. P. WRIGHT, et al., Appellants.

1. *Bills and Notes—Bonds—Parol testimony—Principals—Sureties.*—Parol testimony is admissible to prove who are principals and who are sureties to notes or bonds in actions at law.

2. *Presumptions—Payments—Separate credits—Joint debts.*—A. was indebted to B. on a note made by himself and others, and after the maturity of said note he rendered services for B., who at settlement, paid A. some money. *Held,* that in a suit on said note by B., there was no presumption that A. had paid it.

*Appeal from Benton Circuit Court.*

*F. P. Wright and Johnson & Botsford,* for Appellants.

I. Parol testimony was admissible to show that Ballow was the only principal, and that the defendants were securities. (Foster vs. Wallace, 2 Mo., 231 ; Garret vs. Ferguson's Admr. 9 Mo., 125.)

II. There was a general settlement between the Bank and Ballow, and a balance found due to Ballow. There is a legal presumption that a note made by Ballow and others, past due at the time of the settlement, was taken into consideration and paid, unless it appears that it was expressly excepted therefrom.

*F. N. Judson, and Cline, Jamison & Day,* for Respondents.

I. All the makers of the note sued on were equally liable to the plaintiff on the note sued upon, whatever may have been their relation to each other.

II. If the note in controversy is claimed by the defendants to have been included in any settlement between the plaintiff and Ballow, it was for the defendants to show that fact. They

may have had many settlements of various or particular matters existing between them, and yet this raises no presumption that the note in question, which is still owned and held by the plaintiff, was included in any such settlement.

WAGNER, Judge, delivered the opinion of the court.

This was a suit instituted upon a promissory note executed by DeWitt C. Ballow, together with the defendants and one Kays. Ballow died previous to the bringing of the action, and the plaintiffs compromised with Kays and released him, and the defendants were alone sued. The defendants, as a part of their defense, set up in their answer, that Ballow was the principal in the note and alone received the benefits thereof, and that the other signers were mere securities, and that this fact was known to the plaintiffs when the note was made. It was also alleged that Ballow was attorney for the plaintiff and had transacted a large amount of business for it, and that upon a settlement subsequent to the time the note became due, plaintiff owed Ballow and paid him a balance in money. From this fact the inference was sought to be drawn, that the note was paid off. But no evidence was given tending to establish this theory, and the replication positively denies, that the note was paid by Ballow or taken into account at the settlement. At the trial the court refused to permit defendants to show that they signed the note as securities, and under these instructions the jury gave a verdict for the plaintiff. The cause is now brought here for review, and the errors assigned are: First, That the court erred in excluding the evidence to prove that defendants were sureties; and second, that error was committed in giving and refusing instructions.

The law has long since been established in this State that parol evidence is admissible to prove who is principal and who is surety to a note or bond on an action at law. (Foster vs. Wallace, 2 Mo., 231; Garret vs. Ferguson's Admrs., 9 Mo., 125.)

The court therefore plainly erred in its ruling. The evidence should have been admitted. The first instruction given

by the court at plaintiff's request, told the jury in substance, that if they believed defendants and Ballow executed their promissory note, and the same was indorsed to plaintiff, and plaintiff was the owner of said note, then they should find for plaintiff whatever amount the evidence showed to be due thereon. The second instruction was to the effect, that the possession of the note, and its production in court, together with the indorsement thereon, was *prima facie* evidence of ownership in the plaintiff.

The second instruction needs no remarks, and the first was correct upon the evidence before the court.

If the defendants all executed the note as principals, and the same was indorsed and delivered to the plaintiff, and the plaintiff was the owner thereof, there could be no doubt respecting their liability.

The defendants asked two instructions, which were both refused. They are substantially the same, though formed in different phraseology, and the import of them is, that if Ballow, one of the payers of said note sued on, did and performed services for plaintiff after the note sued on became due and payable, and that, after the said services were performed, the plaintiff paid the said Ballow a balance found due him, then the jury have the right to presume that said note was paid off and liquidated in said settlement, unless expressly excepted therefrom.

This declaration was properly refused, if for no other reason, because it was not justified by the evidence in the case; so far as the testimony showed, all the parties were joint makers and equally bound, and there was no presumption that Ballow settled what was not exclusively his own debt. Besides the replication expressly denies that the note was settled, and it would require at least some proof to overcome the same.

But for the error of the court in refusing to allow the defendants to show that they were sureties instead of principals, this judgment will be reversed and the cause remanded. The other judges concur.