M. F. McWILLIAMS ET AL., PLAINTIFFS IN ERROR, v. O. S. BRIDGES, DEFENDANT IN ERROR.

| 7 | 419 |
| 21 | 646 |
| 7 | 419 |
| 36 | 740 |
| 7 | 419 |
| 38 | 59 |

1. **Homestead Claim on Public Lands:** SALE OF, TOGETHER WITH IMPROVEMENTS, A GOOD CONSIDERATION FOR A PROMISSORY NOTE. The sale and surrender of a homestead claim upon the public lands, together with improvements made thereon, although conveying no interest in the land itself as against the government, is a good consideration for a promissory note; the improvements being subjects of legitimate bargain and sale.

2. **Promissory Note:** HOLDER BY A TRANSFER WITHOUT CONSIDERATION MAY SUE. The single fact that a promissory note payable to bearer, was transferred to the plaintiff without consideration, or solely to enable him to bring suit upon and collect it, constitutes no defense to the action.

ERROR to the district court for Lancaster county. It was an action upon a promissory note given by McWilliams, as principal, and Patten, as surety, to one Ira D. Bishop, and by him assigned to Bridges. The cause was tried before POUND, J., who rendered judgment in favor of Bridges, and McWilliams, the defendant there, brought the cause up by petition in error.

*M. H. Sessions*, for plaintiff in error.

The case shows that Daniel A. Bishop never had a homestead entry, neither was he ever a resident of this state. It is, however, claimed that Daniel A Bishop was the owner of a homestead entry by reason of having purchased the homestead entry of one Slade; and the agreement, that the said Bishop should relinquish and abandon his right to his entry upon said land by homestead entry or pre-emption, so that McWilliams could enter the same, entered into and made a large part of the consideration of the note, is fully established by the pleadings and proofs in the case. Such a consideration is against the policy of the law, and cannot be sustained. *Dawson v. Merrille*, 2 Neb., 119. *Dawson v. Merrille*, 3 Neb., 461. *Myers v. Croft*, 2 Neb., 481. This action, being founded upon a contract which is entire, and a part of the consideration being illegal, is void, and incapable of confirmation. 1st Par. on Con., 456. *Bank v. Stegal*, 41 Miss., 142. *Bank v. King*, 44 N. Y., 87. 1st Par. on Bills, 217. The note in suit being given to Ira D. Bishop for a pretended homestead entry of Daniel A. Bishop, and improvements thereon, not made by Daniel A. Bishop or the payee of the note, constituted no consideration for the same to the payee or his assigns. *Messinger v. Miller*, 2 Pinney, Wis., 60. *Smith v. Ware*, 13 Johns., 357. *Waters v. Miller*, 1 Dall., 396. *Bank v. Rice*, 107 Mass., 37. Daniel A. Bishop being

the real owner of the note in suit, Ira D. Bishop only held the same as the agent of Daniel A. Bishop. Ira D. Bishop could not sell and transfer the same and give good title, for the reason that he was not the owner, and had no title to convey. He could not, as the agent of Daniel A. Bishop, sell and transfer said note and thereby convey title to the same, for the death of Daniel A. Bishop was in law a revocation of his agency, and all his acts in relation to said note subsequent to his death are void. 2 Vol. Kent Com., 828. *Peries v. Aycinena*, 3 Watts & S., 79. *Johnson v. Johnson*, Wright, O., 594. *Hunt v. Rousmanier*, 8 Wheat., 174, 201. Ira D. Bishop having no interest in this note, his assignee, Bridges, has none, and the real party in interest not being known in the record, the judgment cannot stand. *Carpenter v. Miles*, 17 B. Monroe, 98. *Holladay v. Davis*, 5 Oregon, 40. *Hunter v. Field*, 20 Ohio, 340.

*N. C. Abbott*, for defendant in error.

1. The relinquishment and abandonment of the right acquired to " homestead" or " pre-empt" public lands and deliver possession thereof to another with the improvements thereon is a good consideration for a promise. *Spry v. Sleppy*, 15 Iowa, 409. *Snow v. Flanning*, 10 Iowa, 318. *Moore v. McIntosh*, 6 Kan., 39. *Clark v. Shultz*, 4 Mo., 235. *Johnson v. Lewis*, 10 Mo., 153. *Burns v. Hayden*, 24 Mo., 215. *Stubblefield v. Branson*, 20 Mo., 301. The sale and transfer of improvements upon public land, as shown by the pleadings and evidence in this case, constitutes a good consideration for the note in suit. Gen. Stat., 409.

2. It is shown that Daniel A. Bishop was in possession of the land mentioned. He certainly had *some* right there, of which it would, at least, cause trouble to deprive him, and McWilliams was evidently of that opin-

ion when he executed the note in question, and that interest, right, or claim was a valuable one to secure. As a matter of law, being in possession, he did have such a right or claim as he could perfect, as against every one. *Moore v. McIntosh,* 6 Kan., 39.

LAKE, J.

The evidence shows that the consideration for giving the promissory note in question, was the sale and surrender by Daniel A. Bishop of his unperfected homestead claim upon the public lands, together with the improvements thereon, consisting of a small dwelling house, or shanty, about twenty-five acres of breaking, and a lot of forest trees.

Previous to the purchase, McWilliams went upon the land, examined it, as he himself swears, and knew perfectly well the condition of the property he was purchasing. Indeed, it is not even alleged that any deception was practiced either by Bishop, or by his brother who negotiated the sale. The trade seems to have been a fair one as to all concerned in it. McWilliams got just what he stipulated to receive, and we see no reason why he should not be compelled to do as he agreed.

It is true that, as to the land itself, the legal title to which was still in the United States, the contract could confer no right whatever upon McWilliams which the law would respect. *Dawson v. Merrille,* 3 Neb., 458. But the improvements made on the land were subjects of legitimate bargain and sale, being declared such by an express enactment of our legislature, chapter 30, Gen. Statutes, 409, the first section of which provides that: "All contracts, promises, assumpsits, or undertakings, either written or verbal, which shall be made hereafter in good faith and without fraud, collusion, or circumvention, for sale, purchase, or payment of improvements

McWilliams v. Bridges.

made on the lands owned by the government of the United States shall be deemed valid in law or equity, and may be sued for and recovered as in other contracts."

Holding as we do that these improvements, either alone, or together with the abandonment of the land to McWilliams, were a good and valid consideration for the promissory note, there only remains for consideration the single question of the right of the defendant in error to bring action upon it, on which some reliance seems to be placed by counsel as ground for reversal. But on this point we see no difficulty. That Bridges was the lawful bearer of the note from the payee named therein was not denied by the answer; it was merely alleged " that he gave to said Bishop no value or consideration whatever for the assigning and delivery of said note to him * * * and that he took the assignment and delivery for the express purpose of bringing suit upon the same in his own name with the understanding and agreement * * * that if he recovers upon said note and collects the same, then in that case he is to pay something to said Bishop for said note; but if he does not recover, then he is to pay nothing to said Bishop for the same."

Had the principal defense, the want of a valid consideration for the note, been sustained, these facts would have become important as showing that Bridges was not entitled to the protection which the law affords to an innocent holder for value of negotiable paper. But that defense failing, they become wholly immaterial, for the reason that, under the facts of this case, the consideration for which Bishop saw fit to dispose of his interest in the note was a matter in which the makers could have no possible interest, and entirely within his own discretion.

JUDGMENT AFFIRMED.