B. M. MILLION, Respondent, *v.* ALBERT OHNSORG, ADMIN
ISTRATOR OF AUGUST ROHN, Appellant.

### June 7, 1881.

1. A contract between an attorney and client that the attorney is to pay the costs of the litigation, and to receive, as compensation for his services, a, portion of the property in controversy, is champertous and non-enforcable.

2. The legal presumption, in an action by the indorsee against the maker, that the indorsee is the owner of the notes is not rebutted by showing that they were assigned to him by a champertous agreement.

3. In such an action, the consideration for the transfer is not subject to inquiry, where no defence arising out of transactions between the parties to the note is sought to be made.

4. The indorsee of a note is not, in an action thereon, rendered incompetent as a witness because of the death of the maker.

5. On appeal from a judgment allowing a demand against an estate, it will be presumed that the affidavit required of the claimant was orally made.

6. Such a judgment will not be reversed because the record shows no evidence upon which to base a classification of the claim, where the point is not raised in the trial court.

APPEAL from the St. Louis Circuit Court, WICKHAM, J.
*Affirmed.*

LOUIS GOTTSCHALK, for the appellant: That the evidence clearly showed that the plaintiff was not the legal holder of these notes, but that he held them under a champertous contract, and was, therefore, not entitled to sue or recover. — Rev. Stats., sect. 3462; *Duke* v. *Harper*, 66 Mo. 51; *Arden* v. *Patterson*, 5 Johns. Ch. 44; *Hunt* v. *Lyle*, 8 Yerg. 143; *Weakly* v. *Hall*, 13 Ohio, 175; *Webb* v. *Armstrong*, 5 Humph. 381; *Rives* v. *Weaver*, 36 Md. 383; *Barker* v. *Barker*, 14 Wis. 143; *McDonald* v. *Railroad Co.*, 29 Iowa, 174; *Allard* v. *Lamirande*, 29 Wis. 509; *West* v. *Raymond*, 29 Ind. 305. And that the court should have given defendant's instructions.

MARTIN & LACKLAND, for the respondent: The defence of champerty can only be pleaded by the defendant who is

an immediate party to the champertous contract. — *Lackland* v. *Smith*, 5 Mo. App. 153.

BAKEWELL, J., delivered the opinion of the court.

Plaintiff presented for allowance against the estate of Rohn certain demands, which were allowed and placed in the fifth class. On trial anew in the Circuit Court the following allowances were made, and were all placed in the fifth class : —

1. On a note of Godfrey for $3,600, payable to order of Million, one year after date, dated August 24, 1874 — $132.59.

2. On a note of Godfrey for $3,600, payable to order of Million, one year after date, dated August 24, 1874 — $132.59.

3. On a note of Rohn for $324, to order of, and indorsed by himself, assigned by Cummiskey to plaintiff, dated August 24, 1874 — $368.91.

4. On a note of Rohn for $324, to order of, and indorsed by himself, assigned by Cummiskey to plaintiff, dated August 24, 1874 — $385.11.

5. On a note of Rohn for $9,000, payable three years after date, to order of and indorsed by Thomas Turner, trustee, dated February 22, 1876 — $4,733.26.

The notes made by Godfrey, were secured by deed of trust on real estate which had been conveyed by Godfrey to Rohn, subject to the deed of trust. The amounts allowed on these notes were the balances due, after crediting proceeds of foreclosure. The large note made by Rohn was. also a real estate note, on which a balance was due. Thesmaller notes made by Rohn were for interest.

Cummiskey testified that he was the holder and owner of the two Godfrey notes, and of the two smaller notes of Rohn ; that he purchased them of Ghio before maturity ; that he directed the foreclosure ; and, after the foreclosure, assigned the notes to Million, on the agreement that Million

was to collect the notes at his own expense, and Cummiskey to get half the proceeds ; that this was the only consideration for the transfer ; that he was the owner for a valuable consideration, and had given all due credits.   There was also testimony to the effect that the note of Rohn to Turner was assigned to Million, the consideration being that Million was to prosecute at his expense all suits necessary for its collection, and have half the proceeds.

The court refused an instruction to the effect that if plaintiff had the notes assigned to him under an agreement by which he was to sue on them at his own cost, and if successful in recovering any amount, to divide the proceeds with the assignors, and if not successful, the assignors were not to bear any of the costs and expenses, and that this was the only consideration of such assignment, then plaintiff cannot recover.

1. A contract between attorney and client, that the attorney is to receive, as compensation for his services, a portion of the property in controversy, and that he is to pay the costs of litigation, would probably be held champertous in Missouri.   The point has never been expressly decided in this State.   But, in *Duke* v. *Harper*, 66 Mo. 51, the Supreme Court expressed its disapprobation of the views as to champerty intimated by this court when that case was before us, and sufficiently indicated what would be the ruling of the Supreme Court were the question presented.   We therefore hold that such a contract is champertous, and that the courts of Missouri will not lend their aid to enforce it.   It does not, however, follow, we think, that the Circuit Court erred in refusing the instruction set out above.

It did not concern Rohn whilst living, and it does not, now that he is dead, concern his legal representatives, what consideration Million gave for these notes.   Cummiskey owned four of the notes, having paid value for them ; and the other note was owned by Turner under like circumstances.   The indorsee of a negotiable note must prove that the note was made ;

he must also prove that he was the owner of it before suit was brought. The production of the note on trial indorsed to him, or indorsed in blank, proves, by a legal presumption, that he became the owner. This presumption may be rebutted by showing that the note was lost or stolen; but we do not think that testimony tending to show that the note was assigned by a champertous agreement, ought to be regarded as rebutting it. Cummiskey had a right to give the notes, out and out, to Million. If Rohn received value for the notes, his estate ought to pay them; and the other elements of liability being admitted or proved, it concerns his administrator to see only that the allowance against the estate is of such a character that there can be no second judgment in favor of another plaintiff for the same claim. The courts of Missouri will not enforce a champertous contract at the instance of one of the parties to it, who attempts to enforce it against the other party. It will leave the parties where they are. This we consider ourselves bound to hold, following what has been said by the Supreme Court; but, unless compelled by controlling authority, we will not hold that the maker of a negotiable note can defend against the indorsee and holder on the ground that the holder acquired the note after maturity under a champertous agreement to pay costs of suit and retain a part of the sum collected, as a fee. It is enough that the owner of the note has been willing to vest plaintiff with the legal title to the note, and to take his chances of enforcing the agreement. There is no public policy that we can perceive that should lead us to admit the validity of the defence here attempted in an action by the indorsee against the maker of a note. It would be unjust to admit such a defence on the part of the maker of the note, since it concedes that there was a good consideration between the original parties to the note, and is an attempt to defeat a just claim by setting up a matter which does not tend to show, either that defendant does not owe the amount, or that, if he pays it to plaintiff, he can ever be

called upon to pay any part of the same debt again. The consequence of reversing this judgment, or any judgment obtained on similar testimony, on this ground, would be to make delay which might work an entire loss of the claim, and to increase costs and attorney's fees for no good end. The holder under the alleged void agreement would simply retransfer the notes, and the action would begin again under another name. As we have said, Cummiskey and Turner, owning these notes, could give them to Million, out and out, or with a secret unenforceable agreement that he should pay them a proportion of the proceeds collected, when collected. When, in an action against the maker, the indorsee and legal holder of a negotiable promissory note swears that he has transferred all his right, title, and interest in it to the plaintiff, the character and consideration of the transfer does not seem to be a proper subject of inquiry. Consideration may be a matter for inquiry by the maker wherever a want of consideration will let in evidence of any equities ; but it does not concern the maker where he owes the note, and has no defence against it arising out of any transactions between himself and the parties to the paper. The courts are not enforcing an immoral contract, in any illegal sense, when they decline to allow evidence in an action against the maker of a note, that the consideration between the indorsee and the plaintiff for which the note was transferred, was one which the law, from grounds of public policy, regards as void. In the case of *Lackland* v. *Smith*, 7 Mo. App. 593, we declined to regard the defence as available under these circumstances, and to that ruling we adhere.

2. Appellant contends that Lee and Cummiskey were incompetent to testify, because they were assignors, after the death of Rohn, of Rohn's notes in suit. This point is merely suggested in the brief of appellant. We do not see upon what theory these witnesses can be held incompetent. Neither Lee nor Cummiskey appears to have been one of

the original parties to the contract or cause of action in issue and on trial; and we do not see why they cannot testify now that the maker of the notes is dead, as well as if he were alive. Rohn had nothing to do with the matters as to which they testify.

3. It is contended that the record does not show that the affidavit required by statute (Rev. Stats., sect. 195) to be made by the claimant, was made. This affidavit may be made *ore tenus.* It is no part of the evidence in the case. The law provides that the demand shall not be allowed unless it is made; and we will presume that it was made.

4. It is claimed that as there is no evidence in the record when notice of letters was published, it does not appear that the claim was presented within the first year of administration, and that it does not appear that the claim was properly assigned to the fifth class. It is not pretended that the classification was, in fact, erroneous, and we will not reverse the judgment on this ground alone. If the classification was wrong, defendant should have called the attention of the trial court to this, at least in motion for a new trial.

We think the judgment should be affirmed. It is so ordered. All the judges concur.