JOEL M. SAULSBURY, Respondent, v. D. J. CORWIN et al., Appellants.

St. Louis Court of Appeals, April 1, 1890.

1. Negotiable Instruments: RIGHT OF ACTION. One who holds a promissory note for collection may sue upon it in his own name, subject to the right of any defendant to make any defense which he could make against the real owner.

2. Married Women: ESTOPPEL. The fact, that a promise made by a married woman has been acted upon by the promisee, does not estop the married woman from denying the validity of the promise on the ground of her inability to contract.

3. ——— : CONTRACTS. A married woman cannot by ratification or renewed promises render effective a promise, which was made by her while she was unmarried, but which did not become binding on her prior to her marriage.

*Appeal from the Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*McKee & Jayne, F. M. Harrington* and *John Smoot,* for the appellants.

(1) This action is not prosecuted in the name of the real party in interest, as required by statute. R. S. 1889, sec. 1990; *Grocery Co. v. Crow,* 36 Mo. App. 295. (2) If it be true as stated that plaintiff had no interest in the note, that it was not his, that he paid nothing

for it, that it was his mother's, then the demurrer to the evidence asked by appellants should have been sustained. *Noeninger v. Vogt*, 88 Mo. 590 ; *Wilson v. Board of Ed.*, 63 Mo. 140 ; *Buesching v. Gaslight Co.*, 73 Mo. 219. Mrs. Lancaster, her husband and attorney induced the makers of the one-hundred-dollar note, on day of sale, not to bid, under a promise that if they would not, and let her buy the land, she would pay off the one-hundred-dollar note, and should be estopped. *Cottrell v. Spiess*, 23 Mo. App. 35; *Martin v. Johnson*, 23 Mo. App. 96. This note was not transferred in writing with the assent of the wife. R. S. 1889, sec. 6869 ; *Broughton v. Brad*, 94 Mo. 169 ; *Gilliland v. Gilliland*, 96 Mo. 522; *Rieper v. Rieper*, 79 Mo. 352. Nor can the husband dispose of the proceeds of the sale of her real estate. *Rogers v. Bank*, 69 Mo. 560. Nor of its products. *Houx v. Shaw*, 25 Mo. App. 233.

*T. H. Wagner*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace on the following promissory note :

"$216.75.        MEMPHIS, Mo., August 31, 1887.

"Four months after date, for value received, we promise to pay to the order of Alexander Lancaster two hundred and sixteen and seventy-five-hundredths dollars, with interest at the rate of ten per cent. per annum from maturity; and if the interest be not paid annually to become as principal, and bear the same rate of interest. The signers and indorsers, each, waive demand, notice and protest of this note. Payable at Citizens' Bank.        D. J. CORWIN,

"ANSELM CORWIN,

"WILLIAM PURVIS.

"I hereby assign this note to Joe Saulsbury without recourse on me. April 14, 1888.

"ALEX. LANCASTER."

There were certain credits indorsed on the note, over the signature of Alex. Lancaster, which need not be considered.

In the circuit court the defendants filed the following amended answer:

"Now come the defendants, and for amended answer state that D. J. Corwin is the principal in said note, and the other defendants are his securities. Defendants further answering say that plaintiff has. no interest in the subject-matter in this suit; said note does not belong to him; that he is not the owner of the same in good faith and for value. Defendants further answering say, that one John Saulsbury, who is now dead, at the time of his death was justly indebted to one Philip Purvis, in the sum of one hundred and six dollars, with ten per cent. interest thereon from September 11, 1886, agreeable to a promissory note, filed with the original answer herein; that said note, given by said John Saulsbury, was signed by said John Saulsbury, as principal, and C. A. Crowley and W. P. Browning as securities, and had been duly proved against the estate of said John Saulsbury; that, after that, said payee in the note, herein filed and sued on, and his wife, who was the widow of said John Saulsbury, agreed with Philip Purvis and C. A. Crowley and W. P. Browning, that they would pay this note, and said agreement was had and made for a good valuable consideration, and it was further agreed by said Lancaster and said Lucinda Lancaster that said notes should be paid by defendant, D. J. Corwin, and should be an offset against the note due by him, D. J. Corwin; and defendants, further answering say, that the defendant, D. J. Corwin, is now the owner of said note given to said Purvis, and that the same is a valid, subsisting claim, which he pleads as a set-off to said note sued on. Defendants further answering say said note is paid off and discharged and that nothing is due on same. Wherefore he prays judgment."

A trial anew before a jury resulted in a verdict and judgment for plaintiff for the amount due on the note, and against the defendants on the above set-off, and from this judgment the defendants prosecute the present appeal to this court.

I.   The first assignment of error is that the court should have sustained the demurrer to the evidence, because it appeared that the plaintiff had no interest in the note.   It did appear from the plaintiff's testimony that he had no interest in the note, except that it had been assigned to him for collection by his step-father, Alex. Lancaster, and that his mother, Lucinda Lancaster, was the real owner of it.   This assignment of error is not well taken.   One who holds negotiable paper for collection merely may sue on it in his own name, subject, of course, to all defenses against the real owner. *Cummings v. Kohn*, 12 Mo. App. 585.   Whether or not Mrs. Lancaster, the real owner of the note, assented *in writing* to this transfer by her husband, who was the payee named therein, as required by Revised Statutes, 1889, section 6869, is a question which the defendants cannot raise for her, nor for themselves, in order to avoid the payment of the note.

II.   The defendants offered to prove, in substance, that, at a public sale of the home place, left her by her former husband, John Saulsbury, the plaintiff's mother, being then remarried with Mr. Lancaster, promised certain persons, not parties to the note here sued on, who were bidding at the sale, that, if they would not bid against her at the sale, she would pay off the note of her former husband, spoken of in the amended answer, on which they were security; that they thereupon ceased bidding, and that the property was, in consequence, struck off to Mrs. Lancaster at much less than its real value.   This evidence was properly excluded, because it was an attempt to prove the contract of a married woman, which is void at law, and to make it the foundation of an offset.   Nor is there any force in so much

of the defendant's argument upon this point as appeals to the principle of *estoppel*. *Estoppels in pais* are frequently raised against married women; but this rests on the ground that their coverture does not clothe them with immunity from the consequences of their own fraud. Any argument founded on the principle of estoppel, which would make the promise of a married woman good, because the promisee had acted upon the faith of it, would destroy the rule which places her under the disability of making contracts; since every promise made by her, when acted upon by the promisee, would become, though void as a contract, good as an estoppel.

III. But the defendants also made a tender of evidence, which the court rejected, to the effect that, while yet a widow, and before her remarriage with Mr. Lancaster, the plaintiff's mother had made a similar promise to the defendant Corwin, and to the third parties named in the preceding paragraph. This point has been argued as though Mrs. Lancaster has in some way ratified this promise by what took place at the sale, as stated in the preceding paragraph. It is scarcely necessary to suggest that, if a married woman has made a promise while discovert, which is not binding upon her unless ratified, she cannot ratify it after she has become covert; for the power to ratify necessarily supposes the power to contract. On the contrary, the true view is that, if Mrs. Saulsbury, while a widow, made the promise which the defendants attempted to prove, her subsequent marriage with Mr. Lancaster had the effect in law to revoke it, since it had not been *executed* by the promisees when her subsequent marriage took place. Thereafter, if they acted upon her promise to their loss (excluding the case of a promise capable of being made a charge on her separate estate in equity), they place themselves in the ordinary situation of any person who acts on the promise of a married woman; they are bound to know the law—to know that such a

promise is void in law—that it will not be binding on her, as the foundation of an action or of a counter-claim, either as a promise or by way of estoppel.

The court was clearly right in these rulings. This renders it unnecessary to consider the further question whether the defendants made any further tender of evidence, tending to show that this promise of Mrs. Lancaster to pay off another note given by her former husband, to which note these defendants were not parties, inured in any way to their benefit,—as, for instance, to inquire whether, when the defendant Corwin bought this note, if he did buy it, he also bought Mrs. Lancaster's parol promise to pay it. As no other defense was offered against the payment of the note sued on, the court properly instructed the jury to find for the plaintiff.

The judgment will be accordingly affirmed. It is so ordered. All the judges concur.