Amos Banister, Administrator, Respondent, v. Thomas Kenton, Appellant.

Kansas City Court of Appeals, November 9, 1891.

Bills and Notes: COLLATERAL SECURITIES: PAYMENT OF SECURED DEBT: NO DEFENSE: INDORSEMENT: OWNER. K. gave his promissory note to N. who indorsed it to B. to secure him as N.'s indorser at bank. After B.'s death his administrator brought suit against K. the maker. *Held*:—

(1) The payment of the note at bank by N. did not show a failure of consideration so as to constitute a defense.

(2) Such payment only had the operative effect to reinvest the equitable title in N. leaving the naked legal title in plaintiff.

(3) That N.'s indorsement was *prima facie* evidence of ownership in plaintiff subject to all defenses against the real owner.

(4) That the maker cannot interpose the want of consideration for the transfer as a defense to the suit of the indorsee.

(5) That such want of consideration is a good defense only in an action between the indorsee and his immediate indorser.

Banister v. Kenton.

*Appeal from the Ray Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*T. N. Lavelock*, for appellant.

(1) All actions must be prosecuted in the name of the real party in interest, except suits instituted by administrators, executors, trustees or persons expressly authorized by statute. R. S. 1889, secs. 1990, 1991; *Grocery Co. v. Crow*, 36 Mo. App. 293. (2) One receiving negotiable paper, as collateral security for indemnity, is not necessarily a holder for value. Tiedeman on Com. Paper, sec. 168, p. 275, and cases cited; Jones on Pledges, sec. 117, p. 85, and cases cited; *Goodman v. Simmons*, 19 Mo. 106; *Branard v. Reaves*, 2 Mo. App. 490; *Conrad v. Fisher*, 37 Mo. App. 416, 417. (3) Parol evidence is admissible to show that a note transferred by indorsement was only intended as collateral. Jones on Pledges, sec. 82, p. 55, and cases cited; *Woods v. Matthews*, 73 Mo. 477; *Orrick v. Turner*, 26 Mo. App. 37. (4) The payment of the principal's debt by the surety is a condition precedent to the right of a surety to enforce payment of a collateral note deposited with him as an indemnity against loss by reason of becoming such surety. Until the surety has suffered loss he has no right of action. Colebrooke on Collateral Security, secs. 225–228, and cases cited; *Hearne v. Kealh*, 63 Mo. 84. (5) The payment of the debt by the principal discharges the collateral given as indemnity to a surety. Jones on Pledges, secs. 540, 544, pp. 420, 423, and cases cited; Colebrooke on Collateral Security, sec. 129, p. 165, and cases cited; *Grant v. Kidwell*, 30 Mo. 455; *Moynahan v. Moore*, 77 Am. Dec. 489, 491, and note; *Bryson v. Rayner*, 90 Am. Dec. 69, and note; *Loughborough v. McNevin*, 5 Am. St. Rep. 435. (6) The right and title of the pledgee to the collateral is entirely extinguished by the payment or valid tender of

the principal debt by the pledgor.    Jones on Pledges, secs. 540, 545, pp. 420, 423; Colebrooke on Collateral Security, sec. 129, p. 165 ; *Lapping v. Duffey*, 65 Ind. 229; *Grant v. Kidwell, supra; Norton v. Baxter*, 16 Am. St. Rep. 679.

*James L. Farris, Jr.*, and *John F. Morton*, for respondent.

Where the instrument is supported by a consideration, as this is admitted to be, it is no defense by indorsee against the maker, the drawer, the acceptor or any prior indorser that the plaintiff is not a holder for value ; the want of consideration for the transfer by indorsement is a good defense only in an action by the indorsee against his immediate indorser.    Tiedeman on Com. Paper, sec. 154, p. 251, and cases cited, note 3. The consideration for the transfer of a note is not subject to inquiry, where no defense, arising out of transactions between the parties to the note, is sought to be made.    *Million v. Ohnsorg*, 10 Mo. App. 432.

SMITH, P. J.—This was a suit upon a promissory note brought before a justice of the peace.    In the circuit court the plaintiff had judgment and the defendant appealed.    It appears from the record that the defendant executed the note sued on to Neville who assigned it by his indorsement thereon to J. T. Banister to secure the latter against a contingent liability, *i. e.* becoming the security of the former on a note to the bank.    While these parties were thus related in respect to the transaction, Banister died, and the plaintiff was appointed his administrator.    After the death of Banister, Neville paid his note to the bank.

The administrator, finding the note of Kenton amongst the assets of his decedent's estate, brought this suit on it.    The question which we are now to decide is, whether or not the defendant, who is the maker of the

note, can in this suit thereon against him by Banister, administrator of the assignee of the note, interpose the defense that the note of Neville to the bank on which Banister was surety has been paid off, and that, therefore, the consideration for the assignment of the note sued on has wholly failed. It is conceded that there is no question about the sufficiency of the consideration for which the note was given. When Neville paid off and discharged the note to the bank, on which Banister was his surety, this fact had the operative effect to reinvest in the former the beneficial interest, the equitable title to the pledged note, leaving in the latter only the naked legal title. The production of the note in court, with the indorsement of Neville, the payee, thereon, constituted *prima facie* evidence of ownership in Banister, administrator. *Ashbrook v. Letcher*, 41 Mo. App. 370; *Mechanics' Bank v. Wright*, 53 Mo. 153; *Rubelman v. Nichol*, 13 Mo. App. 584. As such holder he could sue in his own name, subject to all defenses against the real owner. *Cummings v. Kohn*, 12 Mo. App. 585; *Saulsbury v. Corwin*, 40 Mo. App. 373.

While it is necessary to support the transfer of a promissory note that it should rest upon a sufficient consideration, the maker cannot interpose the want of this as a defense at the suit of the indorsee against him. The reason upon which this rule is founded probably is, that such a defense would be unjust, since the maker concedes that there was a good consideration between the original parties to the note, and the attempt to defeat a just claim by setting up matter which does not tend to show either that the maker does not owe the amount, or that if he pays it to the indorsee he can be called upon to pay any part of the same debt again. This matter in no way concerns the maker of the note, and he cannot raise it to avoid its payment. *Goldstein v. Winkelman*, 28 Mo. App. 433; *Saulsbury v. Corwin*, 40 Mo. App. 373; *Million v. Ohnsorg*, 10 Mo. App. 432;

*Burt v. Priest*, 10 Mo. App. 543; Tiedeman on Com. Paper, sec. 154; *Shane v. Lowry*, 48 Ind. 205; *Mc Williams·v. Bridges*, 7 Neb. 423. The want of consideration for the transfer of a note by indorsement is a good defense only in an action by the indorsee against his immediate indorser. Tiedeman on Com. Paper, sec. 154. No error being discovered in the action of the circuit court of which complaint is made, its judgment must be affirmed. All concur.