TERRANCE W. COSTELLO, Respondent, v. JOHN E. FESLER, Appellant.

Kansas City Court of Appeals, April 24, 1899.

1. **Appellate Practice**: DEMURRER TO EVIDENCE: ABSTRACT: PRESUMPTION. To obtain a review of the action of the trial court in giving or refusing a demurrer to the evidence, involves an examination of the entire evidence which must be set out in the abstract or the action of the trial court will be presumed correct.

2. **Evidence**: IRRELEVANT: INDORSEE. Matters that are foreign to the rights of an indorsee of a promissory note should not be admitted in evidence against him.

*Appeal from the Gentry Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

ALESHIRE & BENSON for appellant.

(1) The court erred in refusing to permit defendant to introduce the evidence of Frank Jones, to prove the allegations in the second defense of the answer. Ern v. Rubinstein, 72 Mo. App. 337; Hamilton v. Marks, 63 Mo. 167.

(2)   The court erred in refusing to give defendant's demurrer at the close of plaintiff's evidence.   If the evidence would not support a verdict for plaintiff, then the demurrer should have been given.   No proof whatever of indorsement had been made.   Bank v. Pennington, 42 Mo. App. 355; Worrell v. Roberts, 58 Mo. App. 197; Saville v. Huffstetter, 63 Mo. App. 273.   (3)   The court erred in giving plaintiff's peremptory instruction, directing a verdict for the plaintiff.   For more than fifty years the courts of this state have criticised such an instruction.   The earliest cases upon this question are: Bryan v. Wear, 4 Mo. 106; Vaulx v. Campbell, 8 Mo. 224; Gregory v. Chambers, 78 Mo. 294; Wolff v. Campbell, 110 Mo. 114;. Church v. Railway, 119 Mo. 203; Schroeder v. Railway, 108 Mo. 322; Land Co. v. Ross, 135 Mo. 101; Huston v. Tyler, 140 Mo. 253; Steamboat v. Matthews, 28 Mo. 248; Price v. Barnard, 65 Mo. App. 649; Bank v. Hainline, 67 Mo. App. 483.

McCULLOUGH, PEERY & LYONS for respondent.

(1)   The court did not err in excluding the evidence of Frank Jones.   The matters attempted to be proven did not in any manner affect the rights of the defendant, nor constitute any defense on his part to the payment of the note.   The matter sought to be proved "in no way concerns the maker of the note and he can not raise it to avoid its payment."   Bannister v. Kenton, 46 Mo. App. 465.   (2)   The court did not err in refusing to give defendant's demurrer to the evidence under the first count in the petition, at the close of plaintiff's evidence in chief.   Bambrick v. Campbell, 37 Mo. App. 460. (3)   The real and principal complaint of defendant on this appeal is that the court erred in giving the peremptory instruction to find for the plaintiff.   The appellant concedes in his abstract that he has only printed parts of the evidence.   It is a well settled rule of this and other appellate courts of this state, that they will not review the action of the trial court

in giving or refusing a demurrer to the evidence, or a peremptory instruction unless all of the evidence is presented in appellant's abstract. Christopher v. White, 42 Mo. App. 429; Nelson v. Lock, 59 Mo. App. 637; Epstein v. Clo. Co., 67 Mo. App. 221; Brand v. Cannon, 118 Mo. 595; Doherty v. Noble, 138 Mo. 25.

GILL, J.—Plaintiff sued the defendant to recover on two promissory notes—one for $1,750 executed by defendant to the Stanberry Normal School Association, and by it indorsed to plaintiff, the other for $115 executed by defendant to the Bank of Stanberry and in like manner indorsed to plaintiff. There was no real controversy as to the smaller note, but as to the note for $1,750, the answer, while admitting its execution, interposed a general denial and pleaded some other defenses relating principally to a want of consideration. At the close of the entire evidence, the court, at plaintiff's request, directed a verdict in his favor, and from a judgment in accordance therewith, defendant appealed.

The principal part of defendant's brief is taken up with the contention that the court erred in failing to sustain his demurrer interposed at the close of plaintiff's evidence, and again that the court erred in giving a peremptory instruction in plaintiff's favor at the close of the entire case.

A consideration of both these objections would involve an examination of the entire evidence adduced at the trial. But since in defendant's abstract said evidence is not presented, it is clear that we can not consider these questions, but must assume that the trial court ruled correctly. This has been so often decided that repetition and citation of authorities seem unnecessary. Defendant has furnished only a small fractional portion of the evidence. This will not answer. "When a party obtains a judgment of a court of competent jurisdiction in his behalf, the presumptions

APPELLATE practice: demurrer to evidence: abstract: presumption.

are all in favor of its validity and the correctness of the means by which it was obtained, and the burden is on one who alleges error to show it.". Brand v. Cannon, 118 Mo. 595;. Epstein v. Clo. Co., 67 Mo. App. 221.

This substantially disposes of the principal points in defendant's brief. In the absence of a complete abstract of the record, we assume that such unquestioned proof or admissions as to the matter of indorsements and all the issues involved were made as fully justified the action of the court.

The exclusion of certain testimony from witness Jones was entirely proper since the matter thereof was foreign to the issues. It had nothing to do with the right EVIDENCE: irrele- of the plaintiff, indorsee, to recover on the vant: indorsee. notes sued on. Bannister v. Kenton, 46 Mo. App. 462. Judgment affirmed. All concur.