## J. J. BICK, Plaintiff in Error, v. BERRY OVERFELT, Defendant in Error.

### St. Louis Court of Appeals, March 26, 1901.

1. Notes, Promissory: MAKER: ASSIGNMENT OF NOTE BY PAYEE: CONTRACT OF ASSIGNMENT, CHAMPERTOUS. The maker of a promissory note, not being a party to the contract between the payee and assignee, is in no position to take advantage of the illegality of the contract, although it be conceded champertous.

2. ———: ———: PAYMENT TO ASSIGNEE: PROTECT MAKER. Payment to the assignee of the champertous assignor, would protect the maker against the claim of payment by another claimant of the notes.

3. ———: ———: CHAMPERTOUS CONTRACT. A party will not be deprived of relief because the contract on which he is prosecuting his suit is infected with champerty, when not seeking to enforce such champertous contract. It will be time to defend against it when sought to be enforced.

Error to Monroe Circuit Court.—*Hon. Reuben F. Roy,* Judge.

REVERSED AND REMANDED.

### STATEMENT OF THE CASE.

Respondent, on June 1, 1874, made his promissory note for $330, payable to the order of T. G. and F. H. Harley, due one day after date, and on the first day of June, 1879, made his other promissory note payable to the order of the same parties for $58.06, due one day after date, and on the third day of June, 1881, he made his other promissory note for $36.90, payable to the order of the same parties, due one day after date, all bearing compound interest at ten per cent per annum. On the first note there were indorsed credits as follows: March 18, 1876, $100; March 4, 1878, $150; March, 1885, $25. On the second note there was indorsed a credit of $25, dated March, 1885; and on the third note a credit of $25, dated March, 1885. The several notes were, after maturity, indorsed and delivered by the payees to the plaintiff who commenced this suit on all of them on January 12, 1895.

The answer of the respondent as to the first note and count, pleaded payment and the ten-year statute of limitations, and denied all other allegations. To the second and third notes and counts, the answer pleaded the ten-year statute of limitations, and denied all other allegations.

On the trial, the appellant read the several notes, the indorsements of the payments thereon and the written assignments of the payees to himself, and rested. The respondent by T. G. Harley, one of the payees, proved that the notes were by him assigned to the plaintiff for collection with the understanding and agreement between himself and appellant, that appellant should collect the notes, and after their collection should pay the witness one-half of the amount collected; and, also, evidence tending to prove that the understanding was that appellant should pay all costs and bear all the expenses of their collection. On this evidence the court gave a peremptory instruc-

tion to the jury to find for defendant, whereupon plaintiff took an involuntary nonsuit with leave to move to set the same aside. His motion to set aside the nonsuit proving of no avail, he appealed.

No brief furnished for appellant.

*R. B. Bristow* for respondent.

(1) "The legal presumption, in an action by indorsee against the maker, that the indorsee is the owner of the notes, is not rebutted by showing they were assigned to him by a champertous contract." Million v. Ohnsorg, 10 Mo. App. 332. In such a suit the consideration for the transfer is not subject to inquiry when no defense arising out of the transactions between the parties to the note, is sought to be made. Million v. Ohnsorg, supra. (2) The plaintiff complains of the errors of the trial as follows: First. In admitting any evidence on the question of champerty, because it was not pleaded in the answer. Second. Giving the instruction, on behalf of the defendant, in the nature of a demurrer to the evidence.

BLAND, P. J.—The trial court evidently was of the opinion that the contract of assignment of the notes, was champertous and for that reason could not be enforced by the assignee who held the notes under the champertous agreement. Conceding that the contract of assignment was champertous, the respondent was not a party to that contract, and, for that reason was in no position to avail himself of its illegality. The law presumes the assignee to be the legal holder of the notes and authorized to sue on them in his own name. Banister v. Keaton, 46 Mo. App. 462; Saulsbury v. Corwin, 40 Mo. App. 373; Merchants Bank v. Wright, 53 Mo. 153; Million v. Ohnsorg,

10 Mo. App. 432. And it is immaterial to whom the maker makes payment of the notes, if the payment would protect him against the claim of payment by another claimant of the notes. It is self-evident, that payment to the appellant, as assignee of the payees, would protect the respondent against any claim that might be made by the champertous assignor. In Million v. Ohnsorg, supra, at page 435, speaking of a champertous contract between the payee and assignee of promissory notes, in a suit on the notes by the champertous assignee, this court said: "We will not hold that the maker of a negotiable note can defend against the indorsee and holder on the ground that the holder acquired the note after maturity under a champertous agreement to pay costs of suit and retain a part of the same collected as a fee." In Euneau v. Rieger, 105 Mo. loc. cit. 682, it was ruled that a party will not be deprived of relief because the contract on which he is prosecuting his suit is infected with champerty, when he is not seeking to enforce such champertous contract, and that it is time enough to turn a party out of court when he asks the aid of a court to enforce such a contract, citing Bent v. Priest, 86 Mo. 475 ; Pike v. Martindale, 91 Mo. 268, and remarking that "this is now the settled rule in Missouri and is supported by a decided weight of authority elsewhere," citing numerous cases in other jurisdictions in support.

Such being the law, the learned circuit judge erred in taking the case from the jury. The only defenses pleaded are, payment and the bar of the ten-year statute of limitations. The evidence and instruction should have been confined to these defenses. The judgment is reversed and the cause remanded. All concur.