JULIA HIGGINS, Respondent, *v.* CATHERINE M. PELTZER, Appellant.

1. *Judgments, void and voidable—When may be impeached collaterally.*—The judgment or decree of a court of competent jurisdiction cannot be reversed or inquired into in a collateral proceeding, except for fraud. But a void judgment may be impeached collaterally.

2. *Married women — Contracts of, void.*—The promise and undertaking of a married woman, as a contract, are entirely void, and she cannot be held personally liable therefor.

3. *Married women, judgment against — Execution, sales under.*—A judgment at law against a married woman is void, and an execution sale under it will convey no title.

4. *Judgment, impeachment of collaterally — Married women.*— The principle that a party cannot impeach a judgment in a collateral proceeding, does not apply to the case where defendant is a *feme covert* and not *sui juris*.

*Appeal from St. Louis Circuit Court.*

*H. A. Clover*, for appellant.

I. The purchaser of land at a sheriff's sale under an execution is not bound to examine into the regularity of the proceedings by which the execution was obtained. (Henry v. Ferguson, 1 Bailey, 512; Barkley v. Screven, 1 N. & Mc. 408; Thompson v. Tolmie, 2 Pet. 157; Vance v. Reardon, 2 N. & Mc. 299; Giles v. Pratt, 1 Hill, S. C., 240.) In determining the jurisdiction of a court, the question whether or not the judgment be conformable to the law is wholly unnecessary for determination. If the court have no jurisdiction its judgment is equally void, whether in itself it be agreeable or repugnant to the law. If the law be misinterpreted or misapplied, the judgment is simply erroneous. It is hard to conceive how the question of jurisdiction can be made to depend on the question whether the judgment was right or wrong. (Wertheimer v. Boonville, 29 Mo. 258; Colton v. Beardsley, 38 Barb. 51.) The test of jurisdiction is whether the court has power to enter on the inquiry on any supposable state of facts, and not whether its decision be right or wrong. (Martin v. Barron, 37 Mo. 305, per Wagner, J.) Here the judgment was regular and the execution in conformity with it, and in the form prescribed by the statute. Further the purchaser was not compelled to look. Other matters were between the parties to the judgment and the marshal — matters for the interposition of the court.

II. The judgment against defendant was merely voidable (Roarbach v. Stebbins, 40 N. Y. 62, commenting on and explaining Watkins v. Abrahams *et ux.*, 24 N. Y. 72; Miller v. Earle, 24 N. Y. 111; Read v. French, 28 N. Y. 294; Clark v. Douglass, 52 Penn. St. 408), and not impeachable collaterally except for fraud (Rex v. Vincent, 1 Strange, 481; Rex v. Rhodes, *id*. 703; Raine's case, 1 Lord Raym. 262; Noel v. Wells, 1 Lev. 235; Bush v. Sheldon, 1 Day's Cas. 170; Peck v. Woodbridge, 3 Day's Cas. 30; Kempe's Lessee v. Kennedy *et al.*, 5 Cranch, 173; Burke v. Elliott, 4 Ired. 355; Diehl v. Page, 2 Green, 143; Martin's Lessee v. Roach, 1 Harr., N. J., 477, 548;

Obert v. Hammill, 3 Harr. 73 ; Doe, etc., v. Butcher, 3 Maule &
S. 557), and is conclusive against her so long as the same remains
as a judgment of the court. And it may be enforced by the
ultimate process of such court to a sale of her property and a
satisfaction of the judgment from the same, even although such
judgment might have been avoided, as to her, by proper proceed-
ings taken to that end.

It is impossible to perceive why a judgment against a married ·
woman should be regarded as a void judgment, when the law
is that a judgment in favor of or against a dead man is not a
nullity. (Lewis v. Morgan, 11 Serg. & R. 234 ; Abbott v.
Lyon, 4 W. & S. 38 ; Warder v. Tainter, 4 Watts, 270 ; Cole-
man v. McAnulty, 16 Mo. 177; Yaple v. Titus, 5 Wright, 195 ;
Carr v. Townsend's Ex'rs, 63 Penn. 202.)

III. This was an attachment proceeding, and in effect a
proceeding *in rem*.

IV. In general, wherever an officer can justify under a writ
he can pass a title by sale under it, if all other prerequisites to a
sale have been complied with. (Cox v. Nelson, 1 Monr. 95 ;
McKinney v. Scott, 1 Bibb, 155 ; Reardon v. Searcy's Heirs, 2
Bibb, 202 ; Coleman v. Trabue, *id.* 518.)

*Moss & Sherzer*, for respondent.

I. At law the personal existence of the wife is merged in that
of her husband. (1 Sharsw. Blackst. 441–2 ; 2 Sto. Eq. Jur.
621, § 1367; 1 Rop. Husb. and Wife, 1; 1 Pars. Cont. 339–40;
2 Kent's Com. 107; Tyler on Inf. and Cov. 312–13.)

II. Being so merged, she has no separate existence, and can
not contract, her contracts being absolutely void *ab initio ;* can
not sue or be sued thereon, and no personal judgment against her
can be rendered. (5 Clarke, Iowa, 427; 3 Mylne & K. 220 ; 18
N. Y. 381 ; 22 Barb. 381 ; 22 Wend. 528 ; 48 Penn. St. 498 ;
3 Whart. 313; Young v. Paul, 2 Stock. N. J. C. 404; 1 Daniels'
Ch. Pr. 84 ; 3 Mo. 182 ; 2 Sto. Eq. Jur. 648, § 1397 and notes;
1 Pars. Cont. 345 ; 4 Gill, 493 ; 17 Iowa, 396–7; 7 R. I. 538–41;
18 N. H. 519 ; 1 Pet. 338 ; 29 Ala. 668 ; 16 B. Monr. 486 ;
33 B. Monr. 206 ; 3 Rob. Pr. 216 ;. Reeve's Dom. Rel. 270.)

III. Judgments rendered against her for debt contracted during coverture, petition so disclosing, are void (Caldwell v. Walters, 18 Penn. St. 79–85; Griffith v. Clark, 18 Md. 463; Burton *et al.* v. Marshall, 4 Gill, 493; Dorrance v. Scott *et ux.*, 3 Whart. 309; Morse v. Toppan, 3 Gray, 411; 7 Gray, 506; Jones v. Crosthwaite, 17 Iowa, 397; 16 Johns. 286; City, to use of Creamer, v. Bernoudy, 43 Mo. 555; 24 N. Y. 72–3; 4 Cal. 285; 21 Barb. 549; 3 Sneed, 538; 6 Hill, 242; 2 Roper, 128; Roberts v. Pierson, 2 Wilson, 3; 2 Blackst. 1236–9; 9 Exch., W. H. G., 420, 428; Francis v. Wigzell, Mad. Ch. 147; Aylett v. Ashton, 1 Mylne & C. 111; 9 Ves. Jr. 188, 495, 497; 2 Sto. Eq. Jur. 648), and may be attacked collaterally. (18 Md. 463; Fithian v. Monks, 43 Mo. 521.)

WAGNER, Judge, delivered the opinion of the court.

The only question presented by the record in this case is whether the judgment rendered in the St. Louis Law Commissioners' Court was merely voidable or absolutely void. If only voidable, it cannot be impeached collaterally, and it must stand and the rights acquired thereunder be protected till proper proceedings be had setting it aside, vacating it, or reversing it for error; for it is a familiar principle that the judgment or decree of a court of competent jurisdiction cannot be reversed or inquired into in a collateral proceeding, except for fraud. Nor, standing on the public records, can it be deemed a nullity, provided the magistrate had jurisdiction of the matter adjudicated. But where there is no authority in a court to act, and its proceedings are *coram non judice*, then they are null and void; and in the case of judgments rendered thereon, no title passes by virtue of the execution. And where a judgment is void, advantage may be taken of it collaterally. (Fithian v. Monks, 43 Mo. 502, *and cases cited.*)

The action was ejectment brought by the respondent against the appellant, and there was a common source of title. Appellant's title rested on a purchase made upon an execution sale by the marshal of St. Louis county, which execution was issued upon a judgment rendered in the Law Commissioners' Court against

the respondent and her then husband. The property in controversy, at the time and before the judgment was rendered, belonged to the respondent by virtue of a conveyance executed to her while *sole*. At the time of the institution of the suit, respondent and her husband were non-residents. The property was attached, service was had by publication, judgment was obtained against her and her husband, a special execution was awarded, and the property was sold and bid in by the appellant. The petition upon which the judgment was so rendered set out that the respondent and her husband, as husband and wife, were indebted to the plaintiff therein in a certain sum for moneys paid out and expended at their instance and request, the same being for necessaries furnished certain children therein named.

The Circuit Court gave judgment for the respondent, holding that the judgment, as against her, was utterly void, and that the marshal's deed introduced in evidence was insufficient to support the title in the appellant. The promise and undertaking made by the respondent while she was a married woman was, as a contract, entirely void, and she could not be held personally liable therefor. This point was expressly adjudged by this court in Bauer *et ux.* v. Bauer, 40 Mo. 61.

Whether the wife is capable of being sued at law, so that jurisdiction is acquired and the judgment is simply voidable or reversible for error, is another question. The best considered cases hold that she has no capacity to be proceeded against at law, and that a judgment rendered against her is void.

In Caldwell v. Walters, 18 Penn. St. 79, it is decided that a bond and warrant of attorney to confess judgment by a married woman and her husband is void as to her, and a sale of real estate upon such judgment, and the purchase of it during coverture by the plaintiff in the judgment and execution, did not divest the title. In the case just cited, the husband and wife joined in giving bond with a confession of judgment by attorney, in pursuance of an alleged warrant of the date of the bond. On this judgment an execution was issued and a levy made on the wife's property, and it was sold, and the court said that the bond and

warrant of Mrs. Walters being executed by a *feme covert* were not merely voidable, but absolutely void.

In Dorrance v. Scott, 3 Whart. 313, Kennedy, J., said that a judgment entered against a wife by virtue of a bond and warrant of attorney, executed by her as a married woman, is to be deemed, according to all the authorities on the subject, void as against her for want of authority to enter it, and consequently could be no lien on her real estate as such. In the same case the court ruled that a judgment so entered was so destitute of validity that a judgment had in the same court, on a *scire facias* founded on such judgment, was to be considered void as against the wife, having nothing to support it.

In the case of Morse v. Tappan, 3 Gray, 411, a judgment against a married woman was, upon an agreed statement of facts admitting such fact of marriage, held absolutely void, and the objection was allowed without any writ of error or reversal of the judgment.

In Watkins v. Abrahams *et ux.*, 24 N. Y. 72, the court held that a confession of judgment without action by a married woman was void, although the consideration was money borrowed for and applied to the improvement of her separate estate; and it was further declared that when husband and wife unite in confessing judgment, it may be retained as good against the husband, though void as to the wife. So in Griffith v. Clark, 18 Md. 463, it is held that a promissory note signed by a *feme covert* can not be enforced against her by any proceeding at law, and that a judgment by default against her, when sued at law on such a note, is a nullity.

It is very clear to my mind that the respondent was not competent to employ an attorney or make a defense in her own name. She was sued in a legal proceeding upon a personal contract altogether void at law; and shall the entry of an unauthorized judgment against her by default for non-appearance be allowed to prejudice her? The principle that a party cannot impeach a judgment in a collateral proceeding does not apply to a case where the defendant is a *feme covert* and not *sui juris*. As the respondent labored under a total disability and could neither

contract nor be sued at law, I think the judgment of the Law Commissioners' Court was void.

It follows, therefore, that the judgment of the Circuit Court must be affirmed. The other judges concur.