F. A. VAN RHEEDEN, Appellant, v. MARY E. BUSH, Respondent.

St. Louis Court of Appeals, March 24, 1891.

**Married Women: LIABILITY AT LAW.** A married woman engaged in business as a sole trader was not, prior to the revision of 1889 of the statutes of this state, personally liable upon a contract made by her as such sole trader ; nor does that revision undertake to subject her to any personal liability upon a contract made prior to it.

*Appeal from the St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*W. H. Clopton*, for appellant.

(1) Statutes must be construed in reference to the subject-matter, the objects which prompted and induced the enactment, and the mischief they were intended to remedy. *Spiller v. Young*, 63 Mo. 42 ; *Henschell v. Smith*, 50 Mo. 454 ; *Bolton v. Lansdown*, 21 Mo. 399 ; *Haydon's Case*, 3 Rep. 7. The mischief intended to be remedied by section 1996 was the confusion caused by the conflicting and changing decisions of the supreme court, and ( with all due respect ) of the two courts of appeals, as to remedies against married women. *King v. Mittalberger*, 50 Mo. 182, overruled in *Davis v. Smith*, 75 Mo. 227 ; *Martin v. Colburn*, 88 Mo. 229, overruled in *Turner v. Shaw*, 96 Mo. 28 ; *Frank v. Seigel*, 9 Mo. App. 467, overruled in *Bachman v. Lewis*, 27 Mo. App. 81. Section 1996, being remedial, must be construed as having a retroactive operation. *Buckingham v. Moss*, 40 Conn. 461 ; *Satterley v. Peterson*, 2 Pet. 380 ; *Fisher's Negroes v. Dobbs*, 6 Yerg. 118 ; *Willard v. Harvey*, 26 N. H. 352 ; *Rich v. Flanders*,

39 N. H. 304; *New Orleans v. Clark*, 95 U. S. 654; *Bronson v. Kinsie*, 1 Howard, 315 ; Wade on Retroactive Laws, sec. 242 ; *Fee v. Cowdray*, 45 Ark. 410 ; *Ward v. Hubbard*, 62 Tex. 694; *In re Life Ass'n*, 91 Mo. 183. In one sense the necessities of our case do not require that the court shall hold the law to be retroactive ; but rather that the legislature has prescribed a remedy for all cases against married women to be brought after the passage of the act, without reference to the time when the contract was made. *Bolton v. Lansdown*, 21 Mo. 400 ; *Porter v. Mariner*, 50 Mo. 367. (2) The law relied on by appellant does not impair the obligation of any contract. Before the passage of the law plaintiff could have sued defendant in equity, she being a sole trader. *Tuttle v. Hoag*, 43 Mo. 43 ; *Heiman v. Fisher*, 11 Mo. App. 275; *Coffin Co. v. Fritz*, 41 Mo. App. 389. Remedies in equity may be converted by legislative enactment into actions at law. *Buckingham v. Moss*, 40 Conn. 461 ; *Emmerson v. Clayton*, 32 Ill. 493 ; *Goodyear v. Rumbaugh*, 13 Pa. St. 480 ; *Bartlett v. Lang*, 2 Ala. 401 ; Cooley on Const. Law [ 6 Ed. ] p. 442.

*Robert W. Goode*, for respondent.

ROMBAUER, P. J.—The only point presented by this appeal is, whether a married woman can now be sued at law on a contract made by her prior to the adoption of the Revised Statutes of 1889, and made by her while she was a married woman. The plaintiff brought a suit at law by general attachment to enforce such contracts, made by the defendant while married and doing business as a *feme sole* trader. The defendant's demurrer to the petition being sustained, and the plaintiff declining to plead further, judgment was entered in favor of the defendant upon the demurrer ; hence this appeal.

The sections of the statute, which are claimed to justify this action, are as follows :

" Section 1996 : A married woman may, in her own name, with or without joining her husband as a party, sue and be sued in any of the courts of this state having jurisdiction, with the same force and effect as if she were a *feme sole*, and any judgment in the cause shall have the same force and effect as if she were unmarried."

" Section 6864 : A married woman shall be deemed a *feme sole* so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered for or against her, and may sue and be sued at law or in equity, with or without her husband being joined as a party."

The plaintiff's contention is that, prior to the enactment of these statutes, a married woman was not incapacitated from making contracts; that such contracts made by her could be enforced in equity only as a charge upon her separate estate, because the law provided no other remedy, but that such contracts did, nevertheless, create a dormant legal obligation, which became enforceable at law upon her becoming discovert; in brief, that there is in that respect no difference under the present statutes between the contract of a *feme sole* who marries, and the contract made by a married woman anterior to the passage of the statutes, the object and aim of these statutes being simply to remove the bar of coverture in a suit at law. The plaintiff further contends that such being the object and aim of these statutes, they affect only the remedy, and not a pre-existing right, and hence, giving to them the interpretation claimed, they are not retrospective within the meaning of section 15, article 2, of the constitution of Missouri, although they are retroactive in the sense of furnishing a remedy, which did not exist before, for the enforcement of a pre-existing right.

It will be thus seen that the plaintiff's entire argument hinges on this proposition, what was the character and effect of the contract of a married woman prior to the enactment of the recent statutes. If by such contract she incurred any *personal* obligation, even though such obligation could be enforced in equity only, then the plaintiff's contention is correct, because it is competent for the legislature at any time, without violating any constitutional inhibition, to provide additional remedies for the enforcement of pre-existing contracts (*Bolton v. Lansdown*, 21 Mo. 399; *Porter v. Mariner*, 50 Mo. 364; *New Orleans v. Clark*, 95 U. S. 644), and such laws are not retrospective in the sense of the term as used in the constitution.

In the case of *King v. Mittalberger*, 50 Mo. 183, a married woman possessing a separate estate made a contract for the professional services of attorneys, who were to maintain her rights in that estate. She afterwards became discovert and was sued upon the contract at law, where a judgment was obtained against her, but the form of the judgment does not appear. The court (by Judge WAGNER), in upholding the judgment, said: "The claim is a valid one, the defendant is now *sui juris*, and we do not perceive any good reason why the action may not be maintained against her, *as it appears that her separate estate is still in existence.*" The decision, it would seem, intimated that the estate, which a married woman sought to charge by her contract during coverture, could be subjected to execution in an action at law after she became discovert. In *Davis v. Smith*, 75 Mo. 219, the question was re-examined, and *King v. Mittalberger* was overruled, the court holding, upon a review of the authorities, that it was in conflict with the general current of decisions both in the United States and England, and with the principles upon which the separate property of a married woman is chargeable in equity. The court, in that case, in defining such a contract, said that it was an

anomalous obligation, binding neither the married woman nor her estate, but only constituting a foundation for proceedings in equity to subject her separate property to its payment. In *Boatman's Bank v. McMenamy*, 34 Mo. App. 198, 205, we followed this ruling, and held that a person contracting with a married woman had no personal cause of action against her, which could survive against her representative, but a cause of action against the property alone which she sought to charge, or the substitute of such property. We reaffirmed this ruling in *Chicago Coffin Co. v. Fritz*, 41 Mo. App. 389, and *Baer v. Pfaff*, *ante*, p. 35. These are the last controlling decisions on that subject in this state, as in *Turner v. Shaw*, 96 Mo. 22, which is claimed by plaintiff as an authority to the contrary, the point was not involved.

If the views expressed in these cases, to which we must adhere, are correct, then it necessarily results that the plaintiff's argument is untenable. If a married woman, possessed of separate estate, heretofore subjected herself by her contract to no personal obligation, then the legislature was powerless to turn such contract into a personal obligation by subsequent enactment. The legislature could neither legally nor logically by a subsequent act turn an intent to charge certain property into an intent to bind herself personally, and subject all her property, whatever the character of its holding, to judgment and execution against her. If such were the effect of these acts, then they would be clearly retroactive and within the constitutional inhibition.

Nor is there anything in the language of the statutes, which leads to the conclusion that the legislature intended that the acts should have a retrospective operation. Section 1996 does provide for a new remedy, but there is nothing in its phraseology which would indicate that such remedy should be applicable to pre-existing contracts of married women, or that it is

exclusive of remedies, which heretofore existed as to such contracts. The conclusion seems to be just that, as to prior contracts, the legislature intended to leave the parties in the same situation in which they were before.

In the views hereinbefore expressed, all the members of the court concur, and they necessarily result in an affirmance of the judgment of the trial court.

The question has been raised, both by members of the court and counsel upon the argument of the case, whether it is not of a class involving the construction of the constitution of the state. In the view taken by us, the case clearly raises no constitutional question, but on the other hand it may be said, that, if those views are incorrect, the consideration of the plaintiff's claim may involve such a question. As the views herein expressed do not affect the constitutional rights of either party, and as neither party seeks a transfer of the cause to the supreme court on that ground, we do not feel justified thus to transfer the case on the sole ground that a constitutional question, equally fatal to plaintiff's recovery, might be injected into it, if we affirmed the judgment on other grounds.

All the judges concurring, the judgment is affirmed.