Bruns v. Capstick.

---

MARY BRUNS, Respondent, v. ELLEN CAPSTICK AND SAMUEL CAPSTICK, her Husband, Appellants.

### St. Louis Court of Appeals, October 27, 1891.

1. **Practice, Trial:** OBJECTIONS TO EVIDENCE. Objections to the admissibility of evidence are waived, unless they are made at the time of the offer of the evidence ; but the right to object to evidence, on the ground that it fails to substantiate the plaintiff's claim in a material respect, is not lost by the failure to object to its admissibility.

2. **Mechanics' Liens:** SUFFICIENCY OF ACCOUNT. An account which is filed to obtain a mechanics' lien, and which contains but a single item in gross and without detail for the entire contract price of a building, is insufficient to sustain the lien as to that item ; and, under the rule above stated, the defendant in an action for the enforcement of the lien may contest the validity of the lien in respect to that item, although the account was received in evidence without objection on his part.

3. **Married Women:** PERSONAL JUDGMENT. A personal judgment cannot be rendered against a married woman for a debt contracted prior to the revision of 1889 of our statutes.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED (*nisi*).

*Joseph E. Merryman* and *Wm. Moore*, for appellants.

*H. A. Loevy*, for respondent.

ROMBAUER, P. J.—This is an action to enforce a mechanics' lien by the contractor against the owners of the property. The claim sued for amounted in the aggregate to $1,814.57, of which amount $1,225 was claimed to be due by the terms of an express contract, and $626 for extra work, the aggregate being subject to a credit of $26.43. The petition contains but one count, including both the express contract and the extra work, but the petition was not challenged on that account. The answer, which purports to be filed by both defendants, contains a general denial, and a counterclaim for damages caused to the defendants by non-performance of the contract. The cause was tried by the court without a jury. No instructions were asked by either party, or given by the court of its own motion. The trial resulted in a judgment for plaintiff for $1,525, and a finding for the plaintiff on the defendant's counterclaim. It thus appears that the court found for plaintiff for the full amount of the contract price, and cut down plaintiff's claim for extra work to the extent of about one-half. The errors assigned are that the judgment is unsupported by substantial evidence ; that the court admitted illegal evidence for plaintiff; and that it ruled out evidence offered by the defendants, which was both competent and relevant.

Proceeding to examine these complaints in their inverse order, we find that the record does not contain any exception whatever to the rulings of the court in

rejecting evidence offered; that question, therefore, is not before us for review.

The record does contain three exceptions to the admission of testimony. The first of these is to the admission of the building contract, which was objected to on the ground that it was void and uncertain, and did not show any contract in any tangible form. As the written contract was executed by the owner of the property and purported to cover the entire subject with which it deals, the objection is without merit. The second is to the admission of a plan of the building, referred to in the contract, and shown by the evidence to have been inspected by the defendants before execution of the latter instrument. This objection is also wholly untenable. The third is to the admission of the lien account, and is the only one worthy of serious consideration.

The trial of the cause was begun on the day on which the plaintiff offered in evidence the lien account. No objection was made to the offer at the time, and the account was thereupon read in evidence. At the conclusion of that day's proceedings, the defendants requested the court to lay over the further hearing to a subsequent day for the purpose of enabling them to adduce evidence showing the value of the extra work. The court granted the request, and postponed the further hearing of the case for the purpose indicated, and no other. On the day to which the further hearing was thus adjourned, the defendant moved the court to exclude from the evidence the bill of items filed with the clerk, and introduced as evidence in this case by the plaintiff ( meaning the lien account). The court refused to entertain the motion on the ground that the hearing had been adjourned for the sole purpose of enabling the defendants to adduce evidence as to the reasonable value of extra work, and the case would not be reopened for other purposes.

The action of the court was not erroneous. The rule in regard to objections to evidence in this state is succinctly stated in the case of *Hannibal & St. Joe Ry. Co. v. Moore*, 37 Mo. 341, thus: "Evidence should be admitted or excluded when it is offered on the trial, and the bill of exceptions should show that the objections were made when the evidence was offered, and the specific ground of objections should be stated at the time, otherwise the objections will be presumed to have been waived. When evidence has been admitted with or without objection, it is proper for the court to give instructions upon the legal effect of such evidence; and, if no sufficient evidence has been introduced to warrant the jury in finding a verdict for the plaintiff, the court may instruct the jury to find for the defendant, unless the plaintiff will take a nonsuit."

This brings us to the controlling question, namely, whether there was substantial evidence to warrant the judgment as far as it affects the lien. If the plaintiff failed to establish any of the essential facts which would entitle him to a mechanic's lien, the judgment must be reversed, even though no objections were made to any part of his evidence. A judgment unsupported by substantial evidence, when challenged on that ground upon appeal from that judgment, cannot stand. The law demands that judgments should be rendered upon sufficient pleadings and substantial evidence, and when they are rendered in opposition to this rule they are judgments against the law. As there was substantial evidence that the plaintiff had performed his contract, and had done extra work at least equal in value to the amount awarded to him by the court on that account, there is nothing for review here on that branch of the case. The evidence also shows that he filed his lien account within the time required by law, and instituted his suit to foreclose his lien in due time. The only question still open is, whether such lien account was the account required by the statute.

The account filed is as follows:

"St. Louis, September 10, 1889.

"*Mrs. Ellen Capstick, to Bruns & Weiss, Dr.*, Carpenters and Builders, 1518 Leffingwell avenue.

"May 16.

"Contract entered into with Mrs. Ellen Capstick, for a two-story framed house, etc., as per plans for the sum of......................$1,225.
(Twelve hundred and twenty-five dollars, including a two-room frame house, etc.)

"Extras.

| | |
|---|---:|
| Porch, 2 story, 4 feet wide, 24 feet long, including painting, and stairs................. | $120 00 |
| 12 openings of windows and doors at $10 each, including paint........................ | 120 00 |
| 250 feet composition roofing................. | 10 00 |
| Plastering 3 rooms....................... | 67 00 |
| 2,500 feet of joist siding and scantling....... | 50 00 |
| 500 feet stair Y. P. flooring................. | 12 00 |
| Building permit........................... | 2 00 |
| Sliding door—extra........................ | 35 00 |
| Front porch.............................. | 35 00 |
| Extra in and outside painting.............. | 75 00 |
| Carpenter labor on extra 3 rooms........... | 100 00 |
| | $626 00 |
| | $1,751 00 |
| Credit by roofing paid for by order......... | 36 43 |
| Balance due.................................. | 1,741 57 |

It is evident upon an inspection of the first item of this account that it is insufficient as a matter of law. Giving to the item its greatest probative force, namely,

that the words "contract entered into with Mrs. Ellen Capstick for a two-story frame house as per plans for the sum of $1,225," are inferentially synonymous with "value of labor and material furnished under a contract with Mrs. Ellen Capstick for the erection of a two-story frame house as per plan, $1,225," still the item would, under the decision of the supreme court in *Rude v. Mitchell*, 97 Mo. 365, and the decision of this court in *Smith v. Haley*, 41 Mo. App. 620, be legally insufficient as a statement of an item in a lien account. This is not a case, where the statement of the item is sufficient, and its character as a lienable item depends on outside evidence, as was the case in *Schulenburg & Boeckler Lumber Co. v. Strimple*, 33 Mo. App. 158, but one where the insufficient statement of the item vitiates the lien as to that item. Being an item for which a lien has not been established, it must be rejected from the account as a matter of law. The other items of the account are sufficiently stated, and, as the court specifically found on those items, we might affirm the judgment to the extent of the court's finding on those items; their amount however is insignificant, as compared with the entire recovery, and we will not do so. Nor can we affirm the judgment as a money judgment merely against the defendant Ellen, as she is a married woman, nor against the defendant Samuel, as he is no party to the contract; nor can we make the amount of the judgment a charge in equity upon the defendant Ellen's property, as the necessary data for that purpose are lacking both in the pleadings and evidence. The only disposition we can make of the case is to reverse the judgment and remand the cause, so that the plaintiff may take such action in the premises as he is further advised. So ordered. All the judges concur.

### ON MOTION FOR REHEARING.

ROMBAUER, P. J.—The plaintiff seeks a rehearing and a modification of the judgment. The motion for

rehearing presents nothing new, nor does it indicate to us how we can come to a different conclusion from the one reached in the opinion under the ruling of the supreme court in *Rude v. Mitchell*, 97 Mo. 365. It is our duty to follow the rulings of the supreme court without criticism. The motion for rehearing must, therefore, be overruled.

We are also asked to modify the judgment by affirming it as a lien judgment to the extent of $300, and as a general judgment for the residue. There is no general judgment to affirm, as none was rendered in the trial court. The trial court was fully aware that a general judgment against a married woman, prior to the revision of 1889, was absolutely void in this state (*Higgins v. Peltzer*, 49 Mo. 152; *Napton v. Leaton*, 71 Mo. 367; *Music v. Dodson*, 76 Mo. 625; *Kerkinson v. Adkins*, 77 Mo. 540; *Coe v. Ritter*, 86 Mo. 283), and that it was wholly immaterial what the nature of the contract was. The fallacy of the argument, that the contract of a married woman, possessing no separate estate, did, prior to the revision of 1889, create a dormant legal obligation on her part, which was made effective by the act of 1889, was exposed by us in *Van Rheeden v. Bush*, 44 Mo. App. 203. The act of 1889 could not constitutionally, even had it attempted to do so, change the character of a contract of a married woman, entered into prior to the time when the law took effect.

If the plaintiff will within ten days dismiss his suit as to the item of $1,225 in this court, we will affirm the judgment of the trial court to the extent of $300, interest and costs, without, however, suggesting in any manner the effect of such dismissal on the $1,225 item as a subsisting claim. If the plaintiff will not do so, the cause will be remanded for new trial according to the mandate of the original opinion.