Elizabeth Gazollo, Respondent, v. John J. McCann *et al.*, Appellants.

St. Louis Court of Appeals, November 12, 1895.

1. **Injunctions:** RESTRAINING EXECUTION ON VOID JUDGMENT. Injunction against the enforcement of an execution is a proper remedy, when the execution is issued on a judgment which is void by reason of facts not shown by the record.

2. **Justices' Courts:** JURISDICTION: REPEAL OF STATUTE OF 1883. The Revised Statutes of 1889 do not repeal the act of March 31, 1883, making the jurisdiction of justices of the peace in cities of one hundred thousand inhabitants, or more, coextensive with the limits of the city in all civil cases other than proceedings by landlord's summons.

3. **Married Women:** VALIDITY OF JUDGMENTS. The written promise of a married woman, made prior to the present revision of our statutes, is absolutely void at law; and the judgment of a justice of the peace, based upon such promise alone, is likewise void, and is subject to collateral attack, even when rendered subsequently to that revision.

4. **Statutes:** REPEAL BY IMPLICATION. *Held*, in the course of discussion, that the mere omission of statutory provisions from a subsequent revision of the entire subject does not repeal those provisions, unless it distinctly appears that the legislature either revised them or reenacted something in lieu of them.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*George W. Taussig* for appellants.

*Kehr & Titmann* for respondent.

ROMBAUER, P. J.—The defendants appeal from a decree restraining them from enforcing an execution against plaintiff's property, and setting aside the judgment on which the execution issued. The facts on which the decree is based appear by plaintiff's petition (to which the defendants ineffectually demurred), and are as follows: The plaintiff is, and was at the dates hereinafter stated, a married woman owning no separate estate in equity. On March 31, 1887, she executed her promissory note for $100, which the payee subsequently transferred to the defendant McCann. In March, 1894, McCann brought suit on the note against the plaintiff before one Kane, a justice of the peace in the city of St. Louis. When such suit was instituted, the plaintiff was not a resident of the district of Justice Kane, nor of any adjoining district, and the summons was not served upon her either in that district or in an adjoining district, but it was served upon her at her usual place of abode in the city of St. Louis. The plaintiff never appeared before the justice, and McCann obtained judgment against her by default, and filed the transcript of the judgment in the circuit court of the city of St. Louis. Subsequently McCann sued out an execution, and caused the same to be levied upon the plaintiff's real estate.

The petition counts upon the fact that the judgment is void; that the matters making it void are not

shown by the record, but rest *in pais*, and, as the judgment is nevertheless a cloud upon plaintiff's title, she is entitled to relief by injunction. The error assigned is that the demurrer was improperly overruled.

As was properly said in *Parks v. Bank*, 97 Mo. 130, "there is some lack of harmony in the Missouri cases regarding the appropriate use of injunction to restrain execution sales." The remedy was upheld in that case, because the plaintiff's right to invoke it rested on facts not shown by the record. A motion to quash the execution would not dispose of the judgment, nor would it prevent the plaintiff in the judgment from suing out another execution thereon. We have repeatedly held that, in cases presenting facts similar to those disclosed by this record, injunction will lie. *Bornschein v. Fink*, 13 Mo. App. 120; *Clifton v. Anderson*, 40 Mo. App. 616. We, therefore, hold that, although a motion to quash the execution will lie in a case like the present, this does not exclude the more effectual remedy by injunction.

The main controversy in the case is touching the jurisdiction of the justice. The defendants contend that under the facts stated in the petition the justice had jurisdiction of the person of Mrs. Gazollo, as well as the subject-matter of the suit. The plaintiff contends that he had jurisdiction of neither. It is evident that the judgment of the trial court must be upheld, unless we conclude that the contention of the defendants is correct.

The justice's jurisdiction of the person of Mrs. Gazollo depends on the question, which statute governed the jurisdiction of justices of the peace in the city of St. Louis at the date of the issue of the summons. The law, as contained in the revision of 1879, divided the city of St. Louis into fourteen judicial districts for the election of justices of the peace. It made no pro-

vision in direct terms as to the territorial limits of their jurisdiction, except in certain cases to which the case at bar does not belong. It did provide that every justice of the peace shall have jurisdiction coextensive with the county for which he shall be elected or appointed. It also provided, however, that every action cognizable before a justice of the peace shall be brought before some justice of the township, either, *first,* wherein the defendants or one of them resides, or in any adjoining township; or, *second,* wherein the plaintiff resides and the defendants or one of them may be found. In construing these various provisions, as bearing upon the justice's jurisdiction in the city of St. Louis, this court decided in *Bornshein v. Finck,* 13 Mo. App. 120, that a justice in the city of St. Louis had no jurisdiction of the person of a defendant, unless he resided in the district for which the justice was elected, or in an adjoining district, or was found in the district wherein the plaintiff and justice resided, or appeared personally before the justice and thereby submitted himself to his jurisdiction. The supreme court took the same view of the statute, as far as justices in counties are concerned, in the case of *Fare v. Gunter,* 82 Mo. 522. The holding in the *Bornschein case,* although warranted by various sections of the statute which are apparently conflicting, made the judgment of justices of the peace in the city of St. Louis very precarious security, as in all cases where the defendant did not appear to the action the jurisdiction of the justice depended on facts not disclosed by any paper or docket entry in the case.

The opinion in *Bornschein v. Finck, supra,* was filed December 12, 1882. On March, 31, 1883, the legislature passed an act which provided:

"Section 1. Justices of the peace in all cities in this state having a population of one hundred thousand.

inhabitants, or more, shall have civil jurisdiction in all cases, except landlords' summons cases, coextensive with the limits or boundary lines of such city, in the maximum amounts as now prescribed by statute.

"Section 2.   All acts or parts of acts inconsistent or in conflict herewith are hereby repealed."

The change wrought in the former law by this last enactment was considered by us in *Clarkson v. Guernsey Furniture Co.*, 22 Mo. App. 109, decided in 1886.   We held in that case that, except in the case of a proceeding by landlord's summons, the legislature intended by the act of 1883 so to enlarge the territorial jurisdiction of justices in cities of the first class as to give them jurisdiction coextensive with the limits of the city, regardless as to whether or not the defendant resided in the justice's district or in an adjoining district. Since the decision of the *Clarkson case*, justices within this city have exercised jurisdiction according to the construction of the statute of 1883 as established in that case.   It is conceded by the plaintiff that, unless that jurisdiction was again abridged by the revision of 1889, the justice in the case at bar did acquire jurisdiction of the person of Mrs. Gazollo.

In the revision of 1889 the general law touching justices of the peace, as contained in the revision of 1879, was retained with some modifications which do not affect the questions under consideration.   The law of 1883 was not embodied in the revision of 1889.   As section 6606 of the Revised Statutes of 1889 provides that all acts of a general nature, revised and amended and reenacted, shall be taken and construed as repealing all prior laws relating to the same subject, and as section 6607 contains a similar provision as to all acts of a general nature which have not been revised, but which are repugnant to the acts passed or revised

at the revising session of 1889, the plaintiff contends that the act of 1883 was necessarily repealed.

It was said in *State ex rel. v. Fiala*, 47 Mo. 310: "The rule in this state may be regarded as settled that a general statute, although inconsistent with the provisions of a prior local law, will not repeal the latter, unless there is something in the general law, or in the course of legislation upon its subject-matter, that makes it manifest that the legislature contemplated and intended a repeal. *Vastine v. McDonald*, 38 Mo. 534; *State v. Pearcy*, 44 Mo. 159." To the same effect is our ruling in the case of *State v. Fitzporter*, 17 Mo. App. 271, and that of the supreme court in *Manker v. Faulhaber*, 94 Mo. 430; *St. Joseph, etc., Railroad Co. v. Shambaugh*, 106 Mo. 557, and *State ex rel. v. Convent of Mercy*, 116 Mo. 575.

In *Bird v. Sellers*, 122 Mo. 23, the court held that the mere omission of certain former statutory provisions from a revision of the entire subject did not repeal those statutory provisions, unless it distinctly appeared that the legislature either revised them or reenacted something in lieu thereof. This case distinctly overrules the dictum in *Blodgett v. Schaffer*, 94 Mo. 671, cited by plaintiff, and overrules a contrary ruling by the supreme court on a prior appeal of the same case.

The plaintiff claims that the revision of 1889 of the general justices' act necessarily repealed the act of 1883, because sections 6092 and 6352 of that revision deal with justices in the city of St. Louis. In view of the decisions above quoted, that claim is likewise untenable. Those sections are mere reenactments, in substance, and hence were continuations of similar sections in the revision of 1879. They do not purport to deal with the jurisdiction fixed by the act of 1883. That act was in effect a local law, and the mere fact that it was omitted from the revision of 1889 can not be decisive

of its repeal. The legislature did not so regard it, because, when it framed in 1891 a justice of the peace law specifically applicable to the city of St. Louis, it retained therein provisions of the act of 1883. We can not assume that the legislature of the state intended continual changes in the jurisdiction of St. Louis justices without any apparent cause.

These considerations lead us to conclude that the justice in this case did acquire jurisdiction *of the plaintiff's person*, and that his judgment is not void for want of jurisdiction of person.

The next question is whether the judgment is void for want of jurisdiction of subject-matter. The answer to this question depends upon the fact, whether the action of the justice in rendering judgment was an erroneous exercise of jurisdiction, or a total want of jurisdiction. These propositions are radically different, though often confounded by the courts. To determine in the first instance its own jurisdiction, as far as the same rests upon contested facts, is a legitimate exercise of the judicial power of any tribunal, and, though it may err in such determination, its so doing is not a usurpation of judicial authority, but error for which the proper remedy of the party aggrieved is by appeal. *State ex rel. v. Seay,* 23 Mo. App. 623, 630; *State ex rel. v. Lubke,* 29 Mo. App. 558; *State ex rel. v. St. Louis Court of Appeals,* 99 Mo. 216, 224; *Hope v. Blair,* 105 Mo. 85.

That the written promise, made by the plaintiff in 1887, while she was a married woman, was one of which the justice could have no jurisdiction is conceded. A judgment rendered upon such a promise *alone* was absolutely void, and could be attacked even collaterally. *Higgins v. Peltzer,* 49 Mo. 152; *Asbury v. Odell,* 83 Mo. 264; *Bruns v. Capstick,* 46 Mo. App. 397, 403. Nor did the promise so made create a dor-

mant obligation, which ·was made effective by the act .of 1889. *Van Rheeden v. Bush*, 44 Mo. App. 286. The plaintiff's petition expressly states that the judgment against her was rendered by default, she not appearing. This, under section 6235 of the Revised Statutes of 1889, negatives the idea that any testimony was heard in the case, or that the justice's judgment was founded on anything else than the naked written promise of the defendant made in 1887, of which the justice had no jurisdiction. In determining the validity of a petition on a demurrer, we must make all admissible inferences in favor of and not against the petition. If the defendants in this case contended that the justice heard evidence, and upon such evidence came to an erroneous result, they should have raised the issue by answer and not by demurrer.

It results from the foregoing that the judgment of the trial court overruling ·defendant's demurrer must be sustained. Judgment affirmed. All concur.