MICHAEL J. HASLER *et al.*, Appellants, v. CONRAD
SCHOPP *et al.*, Respondents.

St. Louis Court of Appeals, April 20, 1897.

1. Judgment: ATTACHMENT: FRAUD: VALIDITY. Where a judgment
rests upon more than one ground of attachment, proof of the falsity
of the affidavit as to one ground will not render it void.

2. ———: JURISDICTION: CONTINUANCE: VALIDITY. Nor will a judg-
ment be rendered void by a continuance of the cause after the court
has acquired jurisdiction.

3. Judgment Absque Injuria. A judgment which is regular on
its face, and without injury to complainant, will not be set aside.

*Appeal from the St. Louis City Circuit Court.*—HON.
THOMAS A. RUSSELL, Judge.

AFFIRMED.

*W. H. Morrow* for appellants.

The judgment was procured by unquestioned fraud
and should not be allowed to stand. *McClanahan v.*

*West*, 100 Mo. 309; *Payne v. O'Shea*, 84 *Id*. 129; *Murphy v. De France*, 101 *Id*. 151; *Irvine v. Leyh*, 102 *Id*. 200; *Bank v. Knox*, 47 *Id*. 333.

The fraudulent acts complained of were resorted to for the express purpose of conferring jurisdiction, and but for which, jurisdiction could not have been acquired. *Hayden v. Hayden*, 46 Cal. 333; *Johnson v. Coleman*, 23 Wis. 452; *Sanderson v. Voelcker*, 51 Mo. App. 328.

*Theodore Rassieur* for respondents.

When the defendant can not be summoned and his property has been attached, jurisdiction is acquired by making an order of publication and posting notices thereof in accordance with the statute. R. S. 1889, secs. 597, 598.

After the justice acquired jurisdiction he had power to grant a continuance, and to proceed in the cause to final judgment, as in ordinary actions. R. S. 1889, secs. 598, 6245, 6246.

If, as appellants contend, the judgment is void on its face, because the justice had no power to continue the cause, then appellants are not entitled to equitable relief. *R'y v. Lowder*, 38 S. W. Rep. (Mo.) 550; *R'y v. Reynolds*, 89 Mo. 146.

Before a court of equity will enjoin a judgment at law, regular on its face, there must be some allegation and proof of injustice, and it can only be shown by stating a defense which the court before whom the petition is filed considers a valid one. *Sauer v. City of Kansas*, 69 Mo. 46.

A court of equity will only relieve against a judgment, where it has been procured by fraud practiced upon defendant. *Link v. Link*, 48 Mo. App. 345; *Ritter v. Press Co.*, 68 Mo. 458; *Payne v. O'Shea*, 84 Mo. 129;

*McClanahan v. West,* 100 *Id.* 309; *Murphy v. DeFrance,* 101 *Id.* 151; *Irvine v. Leyh,* 124 *Id.* 361.

Appellants had an adequate remedy at law. They can not now invoke the aid of a court of equity. R. S. 1889, sec. 594; *Musgrove v. Mott,* 90 Mo. 107; *Wyman v. Hardwicke,* 52 Mo. App. 621. See, also, *Fleming v. Munn,* 61 Miss. 603.

An injunction will not be granted for past injuries. It can only be resorted to where an injury is threatened, if there is no adequate legal remedy. *Owen v. Ford,* 49 Mo. 436; R. S. 1889, sec. 5510.

BOND, J.—The petition in this case is as follows:

"On the fourth day of February, 1895, defendants commenced an action by attachment against the plaintiffs before Harry S. Harmon, justice of the peace, within and for the seventh district of the city of St. Louis, Missouri, said justice of the peace having jurisdiction over the subject-matter of said suit.

"That thereafter, on March 30, 1895, said justice rendered judgment against these plaintiffs by default, in favor of the defendants herein, for the sum of one hundred and fifty-seven dollars ($157) and costs. Said judgment was duly entered of record. That said judgment was obtained by defendants by deceit, falsehood, and fraud as hereinafter set forth. That at the commencement of said suit, plaintiffs were residents of the state of Missouri, doing business in the city of Louisiana, in this state, and have ever since been, and now are, residents of this state. That the plaintiffs knew the defendants were residents of the state of Missouri, but as a ground of attachment against plaintiffs in said action, defendants allege in their affidavit filed in said cause, to which they duly made oath, that the plaintiffs herein were nonresidents of the state of Missouri; and that said allegations in said affidavit consti-

tuted a basis of said attachment suit and was known by defendants to be false and untrue and was falsely and fraudulently made by the defendants for the purpose of perpetrating a fraud upon the plaintiffs and in obtaining said judgment.

"That Harry S. Harmon, justice of the peace aforesaid, on the fourth day of February, 1895, before whom said action was pending, issued a writ of attachment and summons in due form, directed to the proper constable. Said constable duly made return of said writ that defendants could not be found and that he garnished the Barnhart Mercantile Company. That on the fourteenth day of February, 1895, said garnishee answered interrogatories, on which day said cause was continued by said justice to March 2, 1895, at which time an order was entered by said justice that these plaintiffs are not served and can not be served because of their nonresidence in this state as alleged in defendant's affidavit. And it was ordered by said justice that defendants herein give notice to plaintiffs by publication of the pendency of said action as is by law required in case of nonresident defendants. That said notice was given, requiring these defendants to appear on March 25, 1895; but that these defendants did not appear at all in said action and on March 25, 1895, said justice continued said cause to March 29, 1895, on which day said justice rendered judgment against these plaintiffs by default and also adjudged the Barnhart Mercantile Company, garnishee in this case, to pay into court the sum of $169.55 to be appropriated toward paying off the judgment and lien in favor of plaintiffs in that suit (defendants herein), and against the defendants in said suit (plaintiffs herein).

"Plaintiffs allege that said judgment against them and in favor of defendants was rendered without lawful notice to them of the pendency of said suit and said

Hasler v. Schopp.

judgment was obtained without due process of law. And that said judgment was obtained by false and fraudulent representations and affidavit of defendants herein, whereby said justice of the peace was induced to render said judgment under the belief that these plaintiffs were nonresidents of the state of Missouri.

"That no jurisdiction was at any time obtained by said court of the person of the plaintiffs or either of them.

"Plaintiffs pray that said judgment be adjudged void and of no effect and that defendants be forever restrained from enforcing the same or any part thereof, and for such other and further orders and decrees as to the court shall seem just, and for costs of suit."

The answer of defendants admits that they commenced an action by attachment against these plaintiffs before a justice of the peace in the city of St. Louis, who had jurisdiction over the subject-matter of said suit; that thereafter, on March 30, 1895, said justice rendered judgment in said cause against these plaintiffs for the sum of $157 and costs. The answer denies the other allegations in the petition, and further sets up, that plaintiffs had at the time due notice of the pendency of said action and actual knowledge of the rendition of the judgment and failed to make any defense or to pursue any remedies provided by law in such cases, and that long prior to the commencement of this action judgment in said attachment suit had become final and was enforced by the collection of the amount thereof and costs from the garnishee, who was summoned to answer in said cause, and the same was duly satisfied.

The reply was a general denial. There was evidence tending to prove the allegations alleged in plaintiff's petition, except the allegation as to the affidavit for the attachment before said justice. As to this it

appeared on the trial that the affidavit in question alleged three distinct grounds of attachment. *First*, that the defendants therein had fraudulently removed or disposed of their property or effects so as to hinder or delay creditors. *Secondly*, that said defendants were about to fraudulently convey or assign their property or effects so as to hinder or delay creditors. *Thirdly*, that the defendants were nonresidents. There was evidence tending to prove all the defenses set up in the answer in this cause. The circuit court dismissed plaintiff's bill, from which this appeal is prosecuted.

It is admitted in plaintiffs' petition, and such is the law, that the justice of the peace, who rendered the judgment complained of in the attachment suit, had jurisdiction of the subject-matter. This is so because all suits before justices by attachment "shall be brought before a justice of the township wherein the property, credits or effects of the defendants, or either of them, may be found, or in any adjoining township thereto, or in the township wherein the defendant resides, or in any adjoining township." R. S. 1889, sec. 6127. In the case at bar the attached effects were in the city of St. Louis and the justice before whom the action was brought had jurisdiction coextensive with that city. Acts of 1893, p. 103; *Gazollo v. McCann*, 63 Mo. App. 414. Hence the levy upon the goods vested him with full jurisdiction of the subject-matter. *Godman v. Gordon*, 61 Mo. App. 691, and cases cited. The alleged grounds of attachment in this case were threefold. When the affidavit containing these was filed and there had been a levy upon defendant's goods and a return of *non est*, it became the duty of the justice, if the defendants did not appear, to order publication by notices, as prescribed by statute. R. S. 1889, sec. 596–598. Upon failure of defendants

JUDGMENT: attachment: fraud: validity.

to appear after such notice, a default was proper, and thereafter the cause could proceed as in ordinary actions. It is familiar law that proof of any one ground of attachment is sufficient to support a judgment subjecting the attached property to the debt sued upon. *Cole Mfg. Co. v. Jenkins*, 47 Mo. App. *loc. cit.* 667. Hence it is clear that the allegation as to nonresidency was wholly immaterial to the acquisition of jurisdiction under the proceeding had before the justice. Conceding therefore that this allegation was false, since it was not essential to vest jurisdiction in the justice, the judgment subsequently rendered can not be set aside on account of the falsity of such allegation. All the authorities are agreed that a judgment *procured* by fraud, not by error or illegal allowance, may be set aside in equity, and that "the acts for which a court of equity will, on account of fraud, set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral to the matter tried by the first court, and not to a fraud in the matter on which the decree was founded." *Irvine v. Leyh*, 124 Mo. 366; *Murphy v. DeFrance*, 105 Mo. *loc. cit.* 64; *Link v. Link*, 48 Mo. App. 345; *Payne v. O'Shea*, 84 Mo. 129-133.

Granting for the argument that the allegation as to nonresidency, had it been the *only* one contained in the affidavit, would have authorized, upon a showing that it was falsely and fraudulently made, a decree setting aside a judgment in the attachment suit, it is clear that such an allegation will not suffice for that purpose, where it is not shown that the jurisdiction of the justice rested upon it, but was otherwise amply supported; for a judgment can not, in the nature of things, be said to have been procured by fraud, where it is shown that the fraud alleged had no necessary connection with the

judgment complained of.    Hence we conclude that the allegation in question, though falsely made, did not warrant the setting aside of the judgment complained of in plaintiffs' petition.    Neither was that judgment rendered void by the continuance of the cause from the day on which the defendants therein were cited to appear to a subsequent day.    The justice was possessed at that time of jurisdiction in the matter and authorized to dispose of the cause as in ordinary cases.    R. S. 1889, secs.' 598, 6245, 6246.

JUDGMENT; juris-
diction; contin-
uance; validity.

A second objection fatal to a recovery in the present action is that it is neither alleged in the petition, nor was it shown on the trial, that plaintiffs were injured by the judgment of the justice. Courts do not sit to redress wrongs unaccompanied by injuries.    It is not denied that the plaintiffs in the present action are indebted to defendants, nor is any meritorious defense to such indebtedness averred or shown.    In such a case the maxim of *dammum absque injuria* is applicable and a judgment regular and formal on its face, as in the case at bar, will not be set aside.    *Sauer v. City of Kansas*, 69 Mo. 46.    The result is that the judgment of the trial court is affirmed.    It is so ordered.    All concur.

JUDGMENT;
absque injuria.