ELVIRA BRAGG, Appellant, v. ELMORE ISRAEL, Respondent.

Kansas City Court of Appeals, December 17, 1900.

1. **Married Women: CONTRACT: PERSONAL LIABILITY.** Prior to the revision of 1889, a married woman's contract that she would compensate certain personal services by the provisions of her will was void and cast no liability upon her or her estate.

2. ———: ———: **AFFIRMATION OF: CONSIDERATION.** Where a married woman's contract is void, prior to the revision of 1889, she could not affirm it thereafter, since the original promise was nothing more than a moral obligation without any legal character; and therefore not sufficient to constitute a consideration for the new promise.

3. ———: ———: **PLEADING: ENABLING ACT.** A petition declaring on the liability of a married woman's estate to provide for plaintiff by will is examined and held to be only a declaration of a promise made prior to the revision of 1889, and not a declaration on a new contract made after that date.

Appeal from the Schuyler Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

Bragg v. Israel.

*Smoot, Mudd & Wagner* for appellant.

(1) Before the objection to the introduction of evidence could have been sustained by the court, the petition must have wholly failed to state a cause of action. R. S. 1889, sec. 2047. (2) If the petition stated a cause of action imperfect or indefinitely, this general objection will not avail. Spurlock v. Railway, 93 Mo. 530. (3) The facts which are necessarily implied from the direct averments of the petition will be treated as having been alleged. Weaver v. Harlan, 48 Mo. App. 319. (4) When a defendant does not demur, but confesses and avoids thereby pleading as though the petition presented proper issues, he waives the objection that the petition does not sufficiently aver constructive facts. Banchor v. Gregory, 9 Mo. App. 102; Mfg. Co. v. Steamboat, 42 Mo. App. 85. Of course recovery could not exceed the amount of the expected legacy. Crump v. Rebstock, 20 Mo. App. 37. (5) Although the defendant was a married woman at the time the contract was made, after the disability was removed in 1889, she became competent, not only to contract, but to ratify contracts previously made, and the services were accepted from 1889 to 1895 after the disabilites were removed. Hamphill v. McClimans, 24 Pa. St. 367, 371; Viser v. Bertrand, 14 Ark. 267; Franklin v. Beatty, 27 Miss. 347; Gibbs v. Merrill, 3 Taunt 311. (6) The contract of a married woman is not absolutely void, but voidable. Schaeffer v. Ivory, 7 Mo. App. 461; Hooton v. Ranson, 6 Mo. App. 19. But in this case there is even a new consideration, supported by the services of the young lady for six years, for the continued promises, which is a good consideration after the disability was removed.

*Higbee & Mills* and *Fogle & Eason* for respondent.

(1) The petition does not state facts sufficient to constitute a cause of action. It shows that Mrs. Mahala Speers was a married woman at the time of the alleged promise in 1880, and so remained till her death. Davis v. Smith, 75 Mo. 219, 225. (3) No new promise or contract is pleaded after the married woman's act took effect, November 1, 1889. (4) Mrs. Speers could not affirm the promise or contract after disability removed. The contract was void at law, and a merely moral obligation is not a consideration for a new promise. Nor is it averred that the promise was renewed after disability removed, nor when such new promise was made. Musick v. Dodson, 76 Mo. 624; Bruns v. Capstick, 46 Mo. App. 397, 403; Easley v. Gordon, 51 Mo. App. 637, 641, foot; Gazollo v. McCann, 63 Mo. App. 414, 420, foot; Van Rheeden v. Bush, 44 Mo. App. 283; Hinkle v. Kerr, 148 Mo. 43, 48.

SMITH, P. J.—The plaintiff's petition contained the following allegations:

Plaintiff alleges that the defendant is the executor of the estate of Mahala Speers, deceased and as such has duly qualified in and by the probate court of Schuyler county, Missouri, and is now in charge of said estate. Plaintiff states that at the age of twelve years the said Mahala Speers sent for plaintiff and had her brought to her home under the promise that she would provide for her and by her last will compensate her for all the services rendered to and for her and her husband during the time she should remain with them during their lives; and that she commenced work for them doing their houswork and washing and caring for them in sickness, in the year 1880, and continued to care

for them in sickness and to do her housework, performing all the ordinary and necessary labor attending upon a housekeeper, until 1895, and that said deceased instructed plaintiff to perform said labors under the promise and continued statement that she would compensate her out of her property at her death. That plaintiff, under said promise and with the understanding and agreement aforesaid, continued to perform labor for said deceased and her husband in the way of caring for them in sickness and taking care of them and doing their housework until the year 1895, and during the year 1894, the deceased and her husband were sick much of the time and that during their sickness much care and attention was required and that plaintiff says the service for all of said years was reasonably worth one hundred dollars per year. There was an answer filed.

Later on, and at the inception of the trial, the defendant objected to the introduction of any evidence on the ground that the plaintiff's petition did not state facts sufficient to consitute a cause of action, in that it appeared upon the face thereof that the deceased was a married woman at the time the promise was made and continued under that disability until her death without the making of any other contract with plaintiff. Which objection was by the court sustained and to which ruling of the court the plaintiff duly excepted. Judgment was thereupon given for defendant; and to reverse which the plaintiff has brought the cause here by appeal.

The action of the trial court sustaining the defendant's objection challenging the sufficiency of the petition we think should be upheld. In 1880, when Mrs. Speers entered into the contract with plaintiff by which she promised that in consideration of the services to be rendered that she would by her last will compensate plaintiff therefor, she, Mrs. Speers, was a *feme covert,* and the alleged promise so made

by her then was not voidable but absolutely void. Prior to the revision of 1889 a married woman was incapable of making any contract whatsoever which would bind her personally or create against her a personal debt. Musick v. Dodson, 76 Mo. 624; Bauer v. Bauer, 40 Mo. 61; Higgins v. Peltzer, 49 Mo. 152; Bruns v. Capstick, 46 Mo. App. 397. And that revision did not undertake to subject her to any personal liability upon a contract made prior to its adoption. Van Rheeden v. Bush, 44 Mo. App. 283. And so it has been held that a person contracting with a *feme covert* had no personal cause of action against her which would survive against her representative. Bank v. McMenamy, 35 Mo. App. 198; Van Rheeden v. Bush, *ante.*

The promise of Mrs. Speers being absolutely void, she could not affirm the same after the passage of the enabling act of 1889 (section 6864). Her promise to plaintiff was no more than a moral obligation which was not sufficient to constitute a consideration for a new promise. To constitute a moral obligation the consideration of an express contract so that it may be enforced in an action at law there must have been some pre-existing legal obligation. Thus, a promise to pay, or debt contracted during infancy or barred by the statute of limitations or bankruptcy, is good without other consideration than the previous legal obligation. But the morality of the promise, however certain or however urgent the duty, does not of itself suffice for a consideration. Musick v. Dodson, *ante;* Greenabaum v. Elliott, 60 Mo. 25; Easley v. Gordon, 51 Mo. App. 637; Saulsbury v. Corwin, 40 Mo. App. 373.

It is clear that when tested by these rules the plaintiff's petition is insufficient. This is not a case where the petition imperfectly or defectively states a cause of action, but rather one where no cause of action is stated at all. Taking all the

facts stated to be true we can not see that they furnish any cause of action whatever, and therefore the objection which was lodged against it by the defendant was porperly sustained.   Spurlock v. Railway, 93 Mo. 539; Michael v. St. Louis, 112 Mo. 610.

It will be seen by reference to the allegations of the petition that it is nowhere therein alleged that after the adoption of the revision of 1889 that Mrs. Speers entered into any further contract with plaintiff.   The most that can be said is that after making the contract of 1880 that she "instructed plaintiff to perform said labors under the promise and continued statement that she would compensate her out of her property at her death."   But this can not be construed into the allegation of another and different contract from that of 1880, or the performance of any service thereunder; and it is clear the pleader did not so understand it for in the prayer of the petition she demands judgment on the said contract of 1880 for the reasonable value of the whole fifteen years' services rendered thereunder.

It follows that the judgment must be affirmed.   All concur.